### M. JORDAN v. V. & A. MEYERS.

#### No. 330.—Decided February 19, 1896.

**1. Variance—Attachment Bond.**

Plea in reconvention by defendant in attachment, against the plaintiff in attachment and two alleged sureties on his attachment bond, is not sustained by proof of an attachment bond with three sureties. There is a fatal variance between the bond with two sureties, described in the plea, and one which, alike in all other respects, has an additional surety. (P. 234.)

**2. Same—Evidence—Abstract Question.**

Since the bond with three sureties, on file in the suit, would not, if introduced in evidence, support a judgment on the plea in reconvention, the question whether it is necessary to introduce in evidence the bond on file and part of the record in the suit in order to recover on the plea becomes immaterial as being an abstract question. (Pp. 234, 235.)

QUESTION CERTIFIED by Court of Civil Appeals for Fifth District, in an appeal from Bowie County.

*F. M. Henry,* for appellant.

GAINES, CHIEF JUSTICE.—The following question has been certified for our determination:

"This suit was brought by appellees V. and A. Meyers & Company against appellant, to recover a debt, and at the same time an attachment was sued out which was levied on appellant's property. Appellant reconvened for damages, claiming that the attachment was wrongfully and maliciously sued out, setting up the attachment bond, and

asking for judgment against appellees V. and A. Meyers & Company and their sureties on the attachment bond. Upon the trial appellant offered in evidence the attachment bond, which was on file in the case, and the bond on which the attachment was issued out, and which was the same described in the plea in reconvention, except that it had one more surety than the bond described in the plea (which declared on a bond with only two sureties, when the bond introduced had three.) It was objected to as a variance from the bond declared on, and was excluded by the court.

"In the above entitled cause the following issues of law arise, which this court deems it advisable to present to the Supreme Court of the State of Texas for adjudication, to-wit:

## Question I.

"Where a plea in reconvention declares on an attachment bond with two sureties, and the attachment bond with three sureties filed in the same case and being the bond on which the writ was sued out, is offered in evidence, the description being otherwise accurate, is such bond admissible in evidence where it is objected to on the ground of variance?

## Question II.

"In an attachment suit where the defendant asks by a plea in reconvention for damages for wrongfully suing out the attachment (the attachment bond being on file in the case) can a recovery be had against the sureties on such attachment bond, without the bond having been introduced in evidence?"

1. We think the bond declared on variant from that offered in evidence, and that therefore the latter was not admissible. A bond with A and B as sureties is not the same as a bond with A, B and C as sureties. A judgment in favor of or against the sureties on the bond described in the plea in reconvention, would have been no bar to a second suit upon that which the defendant sought to prove upon the trial. Again let us suppose that a judgment in this case had been rendered in favor of the plaintiff against the sureties named in the plea in reconvention and upon the bond therein described, and that the property of one of them had been sold under execution and had satisfied the judgment. Would the judgment, execution and sale be evidence in his favor in a suit, against the surety not named in the plea in reconvention, for contribution? It would seem not. The answer of the defendant in the contribution suit would be, that he was not the co-surety of the plaintiff on the bond upon which the judgment was rendered.

2. The second question appears to us to be abstract. If the attachment bond filed among the papers in the case had been admitted in evidence, whether objected to or not, it would not have authorized a judg-

ment against the sureties named in the plea in reconvention; and this for the obvious reason, that it was not the obligation declared upon in the cross-action.

Our opinion will be so certified.