Ray CRAIN, Appellant,

v.

SAN JACINTO SAVINGS
ASSOCIATION, Appellee.

No. A14-88-634-CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 12, 1989.

Rehearing Denied Nov. 9, 1989.

Michael C. O'Connor, Houston, for appellant.

Robert E. Lapin, Houston, for appellee.

Before J. CURTISS BROWN, C.J.,
and JUNELL and DRAUGHN, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

This is a usury case in which the trial court granted summary judgment in favor of the appellee, San Jacinto Savings Association. In three points of error appellant Ray Crain asserts that the trial court erred in granting the judgment because the case constituted a cause of action and was not barred by the doctrine of res judicata. For the reasons given below, we affirm the judgment of the trial court.

In a prior action San Jacinto Savings sued Crain to collect on a note signed by Crain. The jury held Crain liable for the principal and interest on the note. In its motion to enter final judgment, San Jacinto Savings erred in calculating the amount of interest due. Because of this error, Crain filed a motion for leave to file a trial amendment asserting a claim of usury. Upon notice of its mistake, San Jacinto submitted an amended motion to enter final judgment. The original judgment was erroneously signed by the court, but the court signed and accepted the amended version seven days later. Crain made no effort to appeal this judgment. Crain brought the instant suit against San Jacinto Savings asserting the same usury argument he had urged in his previously attempted trial amendment. The trial court

granted summary judgment in favor of San Jacinto Savings.

Appellant claims that appellee's original motion to enter final judgment constituted a "charging" of usurious interest and entitles appellant to statutory damages. TEX. REV.CIV.STAT. ANN. art. 5069–1.05 (Vernon Supp.1989) & art. 5069–1.06 (Vernon 1987). We hold that the filing of a motion does not constitute a "charging" for the purposes of usury.

■ In support of his contention, appellant requests this Court to hold motions as functional equivalents of pleadings, a recognized mode of "charging" in a usury claim. See Rick Furniture Distrib. Co. v. Kirlin, 634 S.W.2d 738, 740 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). We do not feel that such a parallel is appropriate. Although the Corpus Christi Court of Appeals noted that a motion is in the "nature of pleadings," Lindley v. Flores, 672 S.W.2d 612, 614 (Tex.App.—Corpus Christi 1984, no writ), the court defined "motion" as an "application for an order of the court." Id. (emphasis added). In contrast, a pleading represents more than a mere application. Pleadings, by definition, determine the issues upon which parties go to trial. Erisman v. Thompson, 140 Tex. 361, 167 S.W.2d 731, 733 (1943). Their purpose is to put the opposing party on notice of the character of evidence that he will be called upon to meet, Id., and place parameters on the forthcoming contest. Sherrod v. Bailey, 580 S.W.2d 24, 26 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Motions may be accepted or rejected by the court, whereas pleadings, if they sufficiently predate the trial, may be submitted and amended freely by the parties without the necessity of court approval. See TEX.R.CIV.P. 63. We therefore conclude that insufficient similarities exist between a motion and a pleading to allow them to carry the same legal significance.

■ Appellant also cites Danziger v. San Jacinto Savings Association, 732 S.W.2d 300 (Tex.1987), to support his contention of a "charging." In dicta the Texas Supreme Court stated that, among other documents, a statement of account, affidavits, demand letters, or monthly statements may constitute a usurious charge. Id. at 304. (citations omitted). In fact, the Court suggested that the vehicle for a usurious claim or demand is irrelevant except as an evidentiary fact. Id. In interpreting this decision, however, the Fifth Circuit Court of Appeals determined that the Texas Supreme Court could not have intended a "charge" of usurious interest to be boundless in its source. Gibraltar Sav. v. Ldbrinkman Corp., 860 F.2d 1275, 1296 (5th Cir.1988).

In Fibergrate Corporation v. Research–Cottrell, Inc., 481 F.Supp. 570, 572 (N.D. Tex.1979), a case predating both the Danziger and Ldbrinkman cases, the court stated that "[a] permissible construction of the [Texas usury] statute is that a creditor seeking to recover interest as damages is not making a 'charge' of interest. The interest claim is not rooted in a free contractual relationship between two private parties, but is an element of nonconsensual damages." The court further added that when a party prays to the court for damage interest, "[t]here is little risk of overreaching or coercion because the sum claimed would never be payable absent judicial approval." Id. (emphasis added).

In relating the Fibergrate and Danziger decisions, the Fifth Circuit noted, "While later state cases [such as Danziger] arguably are at variance with the outcome of Fibergrate, nothing has directly impeached its authority, and we find its reasoning persuasive." Ldbrinkman, 860 F.2d at 1296. In light of this reasoning we conclude that a motion does not constitute a "charging" of usurious interest as required under articles 5069–1.05 and 5069–1.06.

■ Additionally, res judicata bars the instant litigation. Appellant cites Tarter v. Metropolitan Savings and Loan Association, 744 S.W.2d 926, 927 (Tex.1988), and Cowling v. Colligan, 158 Tex. 458, 312 S.W.2d 943, 947 (1958), in his argument to overcome the res judicata bar. These cases support the general proposition that res judicata applies only if the issues could have been litigated in the original court proceeding. Appellant's arguments and authorities are correct, but appellant omits the point that his usury cause of action, if valid, arose as a result of court action and was subsequently corrected by the court.

The above mentioned cases deal with changes in circumstances and situations beyond the court's control.

Appellant fails to recognize that it is within a court's power to modify its issued judgments. Tex.R.Civ.P. 329b(d) states: The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed. The rule is reinforced in *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex.1978) ("A trial court has plenary power to reverse, modify, or vacate its judgment at any time before it becomes final."). While it is true that appellant could not have raised the issue of usury as a compulsory counterclaim prior to appellee's motion to enter final judgment, *Gray v. Kirkland*, 550 S.W.2d 410, 411 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.), appellant's cause of action, even if valid, arose within the scope of the trial court's judgment. If the appellant was dissatisfied with the court's judgment and trial events, the proper avenue for appellant to challenge these matters was to appeal the court's decision. Since no such appeal was taken, we conclude that res judicata bars relitigation of the issues.

The judgment of the trial court is affirmed.