OPINION ON PETITION FOR WRIT OF MANDAMUS
 

 ANN CRAWFORD McCLURE, Justice.
 

 Relator, James Cho, M.D., filed a petition for writ of mandamus. For the reasons stated below, we deny the petition.
 

 STANDARD OF REVIEW
 

 Mandamus will lie only to correct a clear abuse of discretion.
 
 Walker v. Packer,
 
 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding). Moreover, there must be no other adequate remedy at law.
 
 Id.
 

 1. Clear abuse of discretion
 

 An appellate court rarely interferes with a trial court’s exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law.
 
 See Johnson v. Fourth Court of Appeals,
 
 700 S.W.2d 916, 917 (Tex.1985)(orig.proceed-ing). With respect to resolution of factual issues or matters committed to the trial court’s discretion, the reviewing court may not substitute its judgment for that of the trial court.
 
 Walker,
 
 827 S.W.2d at 839-40. The relator must therefore establish that the trial court could reasonably have reached only one decision.
 
 Id.
 
 Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court’s decision unless it is shown to be arbitrary and unreasonable.
 
 Id.
 
 With respect to a trial court’s determination of the legal principles controlling its ruling, the standard is much less deferential. A trial court has no “discretion” in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ.
 
 Walker,
 
 827 S.W.2d at 840.
 

 2. No adequate remedy by appeal
 

 An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate.
 
 Street v. Second Court of Appeals,
 
 715
 
 *781
 
 S.W.2d 638, 639-40 (Tex.1986)(orig.pro-ceeding). Mandamus will not issue where there is “a clear and adequate remedy at law, such as a normal appeal.”
 
 Walker,
 
 827 S.W.2d at 840,
 
 quoting State v. Walker,
 
 679 S.W.2d 484, 485 (Tex.1984). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue “only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies.”
 
 Holloway v. Fifth Court of Appeals,
 
 767 S.W.2d 680, 684 (Tex.1989),
 
 quoting
 
 James Sales,
 
 Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas,
 
 in
 
 Appellate Procedure in Texas,
 
 § 1.4(l)(b) at 47 (2d Ed.1979).
 

 APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT
 

 The record before us does not reflect that the trial court clearly abused its discretion by denying Dr. Cho’s motion to dismiss. Therefore, we need not address the real party in interest’s argument that Dr. Cho has an adequate remedy by appeal. Accordingly, we deny the relief requested in the petition for mandamus.
 

 HILL, C. J. (Ret.)(Sitting by assignment).