NO. 07-04-0326-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 14, 2005



______________________________




LAYNE STANFORD, APPELLANT



V.



CITY OF LUBBOCK AND LUBBOCK FIRE FIGHTER


AND POLICE OFFICER CIVIL SERVICE COMMISSION, APPELLEES




_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-521,215; HONORABLE BLAIR CHERRY, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS, J., and BOYD, S.J. (1)

MEMORANDUM OPINION


 Following submission of this appeal, by letter to the parties dated October 25, 2005,
this Court questioned whether the order granting summary judgment was final. We noted
that the order did not resolve claims for attorney's fees asserted by all parties. The parties
timely responded contending that all claims raised were disposed of making the order final
for purposes of appeal. For the reasons explained below, we must dismiss the appeal for
want of jurisdiction.

 By his live pleading, appellant Layne Stanford sought, among other relief, attorney's
fees pursuant to section 143.015(c) of the Texas Local Government Code. Appellees, the
City of Lubbock and Lubbock Fire Fighter and Police Officer Civil Service Commission,
separately filed general denials, affirmative defenses, and requests for statutory attorney's
fees. 

 Competing motions for summary judgment were filed. In his motion, Stanford again
asserted his entitlement to attorney's fees under the statute. By their joint motion, the City
of Lubbock and Civil Service Commission did not seek attorney's fees. (2) The trial court's
order provides in relevant part:

 After considering the motions, pleadings, responses, evidence and
arguments of counsel, this Court is of the opinion that Defendants' Motion
should be GRANTED and Plaintiff's Motion should be DENIED.

 It is therefore ORDERED, ADJUDGED and DECREED that the City
of Lubbock's and Lubbock Fire Fighter and Police Officer Civil Service
Commission's Motion for Summary Judgment is GRANTED, and Layne
Stanford's Motion for Summary Judgment is DENIED.

 

 We must sua sponte determine our jurisdiction to consider an appeal. See M.O.
Dental Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004). We recognize that in determining
finality, we are to err on the side of preserving appeals by ensuring the right to appeal is
not lost by over-technical application of the law. Lehmann v. Har-Con Corp., 39 S.W.3d
191, 205 (Tex. 2001). However, "a judgment issued without a conventional trial on the
merits is final for purposes of appeal if and only if either it actually disposes of all claims
and parties then before the court, regardless of its language, or it states with unmistakable
clarity that it is a final judgment as to all claims and all parties." Id. at 192-93. There is no
longer a bright line standard for determining finality. (3) Finality is now determined by looking
not only at the four corners of the order, but also the appellate record as a whole to
determine which claims were asserted, addressed, or which the court intended to address. 
Id. at 205-06. 

 The parties' response to our inquiry on finality is two-fold. First, they argue that
Stanford's claim for attorney's fees in his live pleading and in his motion for summary
judgment was disposed of when the trial court denied his motion for summary judgment. 
Second, the City of Lubbock and Civil Service Commission urge that their failure to seek
attorney's fees in their summary judgment motion waived their claim. We disagree and
address their second argument first.

 A claim is not waived merely because it is not presented in a motion for summary
judgment. See McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001). Also, on appeal we
do not presume that a motion for summary judgment addresses all of a movant's claims. 
See Southwest Investments Divesified, Inc. v. Estate of Mieszkuc, 171 S.W.3d 461, 467
(Tex.App.-Houston [14th Dist.] 2005, no pet.). 

 In McNally, the defendants counterclaimed for a declaration on an easement issue
and also sought attorney's fees. By their motion for summary judgment, they addressed
only the easement issue. On appeal, in an effort to preclude dismissal, the defendants
argued they had abandoned their claim for attorney's fees by not including it in the motion
for summary judgment. McNally v. Guevara, 989 S.W.2d 380, 382 (Tex.App.-Austin
1999), rev'd, 52 S.W.3d 195, 196 (Tex. 2001). A divided court of appeals found the
judgment final and affirmed the trial court's judgment. Id. at 383. The Supreme Court
noted that nothing in the trial court's judgment suggested an intent to deny a claim for
attorney's fees and concluded the judgment was not final and therefore, not appealable. 
52 S.W.3d at 196.

 Additionally, pleadings determine the issues and parameters of a contest. Murray
v. O & A Express, Inc., 630 S.W.2d (Tex. 1982); Jobe v. Lapidus, 874 S.W.2d 764, 765
(Tex.App.-Dallas 1994, writ denied). See also Tex. R. Civ. P. 301 (providing that a
judgment shall conform to the pleadings). A motion is not the functional equivalent of a
pleading and does not carry the same legal significance. See Crain v. San Jacinto Sav.
Ass'n, 781 S.W.2d 638, 639 (Tex.App.-Houston [14th Dist.] 1989, writ dism'd). Although
the law does not require that a judgment be in any particular form, Lehmann, 39 S.W.3d
at 195, finality problems can be eliminated by carefully drafting judgments to conform to the
pleadings. See North E. Indep. School Dist. v. Aldridge, 400 S.W. 893, 898 (Tex. 1966).

 By their live pleadings, the City of Lubbock and the Civil Service Commission pled
for attorney's fees. Their failure to seek attorney's fees by their motion for summary
judgment did not result in waiver of the claim raised by their pleadings. Although summary
judgment was granted in their favor, the court's order is silent on disposition of their claim
for attorney's fees. The unresolved claim precludes finality for purposes of appeal. 

 We do not overlook the parties' reliance on Dallas Fire Fighters Association v. Booth
Research Group, Inc., 156 S.W.3d 188 (Tex.App.-Dallas 2005, pet. denied). It is,
however, distinguishable. In Booth, the defendant affirmatively waived any request for
attorney's fees by letter to the court prior to the entry of judgment. Reiterating the Supreme
Court's decision in McNally, a party's omission of one of his claims from a motion for
summary judgment does not waive the claim. 52 S.W.3d at 196. The City of Lubbock and
Civil Service Commission did not affirmatively waive their claim for attorney's fees prior to
rendition of the order granting summary judgment. Thus, Booth does not apply.

 Having concluded that the City of Lubbock and the Civil Service Commission's claim
for attorney's fees remains unresolved, we need not address the parties' first argument that
the trial court's denial of Stanford's motion for summary judgment constituted a denial of
his claim for attorney's fees.

 Accordingly, the appeal is dismissed for want of jurisdiction.

 Don H. Reavis

 Justice


 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Tex. R. Civ. P. 166a(c) requires that a motion for summary judgment shall set forth
the specific grounds therefor. 
3. See generally Mafrige v. Ross, 866 S.W.2d 590 (Tex. 1993), overruled in part,
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 203-04 (Tex. 2001) (endorsing use of a Mother
Hubbard clause to determine summary judgment finality).