NO. 07-04-0326-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 14, 2005

_____


LAYNE STANFORD, APPELLANT

V.

CITY OF LUBBOCK AND LUBBOCK FIRE FIGHTER
AND POLICE OFFICER CIVIL SERVICE COMMISSION, APPELLEES


_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-521,215; HONORABLE BLAIR CHERRY, JUDGE

_____

Before QUINN, C.J., and REAVIS, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following submission of this appeal, by letter to the parties dated October 25, 2005, this Court questioned whether the order granting summary judgment was final. We noted

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

that the order did not resolve claims for attorney's fees asserted by all parties. The parties timely responded contending that all claims raised were disposed of making the order final for purposes of appeal. For the reasons explained below, we must dismiss the appeal for want of jurisdiction.

By his live pleading, appellant Layne Stanford sought, among other relief, attorney's fees pursuant to section 143.015(c) of the Texas Local Government Code. Appellees, the City of Lubbock and Lubbock Fire Fighter and Police Officer Civil Service Commission, separately filed general denials, affirmative defenses, and requests for statutory attorney's fees.

Competing motions for summary judgment were filed. In his motion, Stanford again asserted his entitlement to attorney's fees under the statute. By their joint motion, the City of Lubbock and Civil Service Commission did not seek attorney's fees.[2] The trial court's order provides in relevant part:

> After considering the motions, pleadings, responses, evidence and arguments of counsel, this Court is of the opinion that Defendants' Motion should be GRANTED and Plaintiff's Motion should be DENIED.
>
> It is therefore ORDERED, ADJUDGED and DECREED that the City of Lubbock's and Lubbock Fire Fighter and Police Officer Civil Service Commission's Motion for Summary Judgment is GRANTED, and Layne Stanford's Motion for Summary Judgment is DENIED.

---

[2]Tex. R. Civ. P. 166a(c) requires that a motion for summary judgment shall set forth the specific grounds therefor.

2

We must *sua sponte* determine our jurisdiction to consider an appeal. *See* M.O. Dental Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004). We recognize that in determining finality, we are to err on the side of preserving appeals by ensuring the right to appeal is not lost by over-technical application of the law. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). However, "a judgment issued without a conventional trial on the merits is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id*. at 192-93. There is no longer a bright line standard for determining finality.[3] Finality is now determined by looking not only at the four corners of the order, but also the appellate record as a whole to determine which claims were asserted, addressed, or which the court intended to address. *Id*. at 205-06.

The parties' response to our inquiry on finality is two-fold. First, they argue that Stanford's claim for attorney's fees in his live pleading and in his motion for summary judgment was disposed of when the trial court denied his motion for summary judgment. Second, the City of Lubbock and Civil Service Commission urge that their failure to seek attorney's fees in their summary judgment motion waived their claim. We disagree and address their second argument first.

---

[3]*See generally* Mafrige v. Ross, 866 S.W.2d 590 (Tex. 1993), *overruled in part*, Lehmann v. Har-Con Corp., 39 S.W.3d 191, 203-04 (Tex. 2001) (endorsing use of a Mother Hubbard clause to determine summary judgment finality).

A claim is not waived merely because it is not presented in a motion for summary judgment. *See* McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001). Also, on appeal we do not presume that a motion for summary judgment addresses all of a movant's claims. *See* Southwest Investments Divesified, Inc. v. Estate of Mieszkuc, 171 S.W.3d 461, 467 (Tex.App.–Houston [14th Dist.] 2005, no pet.).

In *McNally*, the defendants counterclaimed for a declaration on an easement issue and also sought attorney's fees. By their motion for summary judgment, they addressed only the easement issue. On appeal, in an effort to preclude dismissal, the defendants argued they had abandoned their claim for attorney's fees by not including it in the motion for summary judgment. McNally v. Guevara, 989 S.W.2d 380, 382 (Tex.App.–Austin 1999), *rev'd*, 52 S.W.3d 195, 196 (Tex. 2001). A divided court of appeals found the judgment final and affirmed the trial court's judgment. *Id*. at 383. The Supreme Court noted that nothing in the trial court's judgment suggested an intent to deny a claim for attorney's fees and concluded the judgment was not final and therefore, not appealable. 52 S.W.3d at 196.

Additionally, pleadings determine the issues and parameters of a contest. Murray v. O & A Express, Inc., 630 S.W.2d (Tex. 1982); Jobe v. Lapidus, 874 S.W.2d 764, 765 (Tex.App.–Dallas 1994, writ denied). *See also* Tex. R. Civ. P. 301 (providing that a judgment shall conform to the pleadings). A motion is not the functional equivalent of a pleading and does not carry the same legal significance. *See* Crain v. San Jacinto Sav.

4

Ass'n, 781 S.W.2d 638, 639 (Tex.App.–Houston [14th Dist.] 1989, writ dism'd). Although the law does not require that a judgment be in any particular form, *Lehmann*, 39 S.W.3d at 195, finality problems can be eliminated by carefully drafting judgments to conform to the pleadings. *See* North E. Indep. School Dist. v. Aldridge, 400 S.W. 893, 898 (Tex. 1966).

By their live pleadings, the City of Lubbock and the Civil Service Commission pled for attorney's fees. Their failure to seek attorney's fees by their motion for summary judgment did not result in waiver of the claim raised by their pleadings. Although summary judgment was granted in their favor, the court's order is silent on disposition of their claim for attorney's fees. The unresolved claim precludes finality for purposes of appeal.

We do not overlook the parties' reliance on Dallas Fire Fighters Association v. Booth Research Group, Inc., 156 S.W.3d 188 (Tex.App.–Dallas 2005, pet. denied). It is, however, distinguishable. In *Booth*, the defendant affirmatively waived any request for attorney's fees by letter to the court prior to the entry of judgment. Reiterating the Supreme Court's decision in *McNally*, a party's omission of one of his claims from a motion for summary judgment does not waive the claim. 52 S.W.3d at 196. The City of Lubbock and Civil Service Commission did not affirmatively waive their claim for attorney's fees prior to rendition of the order granting summary judgment. Thus, *Booth* does not apply.

Having concluded that the City of Lubbock and the Civil Service Commission's claim for attorney's fees remains unresolved, we need not address the parties' first argument that

the trial court's denial of Stanford's motion for summary judgment constituted a denial of his claim for attorney's fees.

Accordingly, the appeal is dismissed for want of jurisdiction.

Don H. Reavis
Justice