# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00088-CV

**David P. Griffin, Appellant**

**v.**

**City of Austin; Rondella Hawkins, Individually and as Employee of the City of Austin; Public Access Community Television a/k/a Channel Austin; Garry Wilkison and Linda Litowsky, Individually and as Executives of Public Access Community Television; and Cathy Beaudoin, Jackie Goodman, Celia Hughes, Emanuel Limuel, Oscar Palomo, Daniel Scardino, Deborah L. Hill, Trena Denley, and Helen Caudill, Individually and as Board Members of Public Access Community Television, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. D-1-GN-09-002028, HONORABLE JEFF L. ROSE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant David P. Griffin was employed by Public Access Community Television (now known as channelAustin) ("PACT"), which provides services under contract with the City of Austin. After his employment was terminated, Griffin filed suit in district court, alleging that PACT had terminated him due to his allegations of PACT executives' criminal activities and mismanagement and that the City was negligent in failing to investigate his allegations. The district court granted PACT's motion for summary judgment and the City's plea to the jurisdiction and entered judgment in favor of the defendants. We affirm.

Griffin was employed as equipment director of PACT, beginning in January 2006. PACT is a non-profit corporation that contracts with the City of Austin to manage the City's three public access television channels. In June 2008, Griffin's employment with PACT was terminated.

Griffin filed suit in district court against the appellees, who consist of the following two groups: (1) the City and Rondella Hawkins, the City employee who administers the City's contract with PACT (collectively, the "City Appellees"); and (2) PACT; Garry Wilkison and Linda Litowsky, identified by Griffin as executives of PACT; and Cathy Beaudoin, Jackie Goodman, Celia Hughes, Emanuel Limuel, Oscar Palomo, Daniel Scardino, Deborah L. Hill, Trena Denley, and Helen Caudill, identified by Griffin as board members of PACT (collectively, the "PACT Appellees"). Griffin alleges that he suffered abusive treatment at his job and was terminated primarily due to his complaints regarding certain activities by management or co-workers that he considered illegal or improper.

The City Appellees filed a plea to the jurisdiction and a motion to dismiss Hawkins from the lawsuit, and the PACT Appellees filed a motion for summary judgment. The district court granted all three motions and entered judgment in favor of the appellees. Griffin appeals.

Griffin, appearing pro se,[1] asserts the following as his first point of error:

---

[1] Pro se litigants are held to the same standards as other litigants. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). Nonetheless, we have attempted to fairly construe Griffin's issues and the substance of his arguments. *See* Tex. R. App. P. 38.9. We dismiss as moot the appellees' joint motion to dismiss the appeal.

Did the [S]tate of Texas violate my constitutional right, granted to me under the US Constitution that says I have a right of trial by a jury of my peers? All the information given to the trial judge was false and misleading. I never had a chance to cross-examine or to have discovery to prove my case.

This point of error appears to be an allegation that it is error for a trial court to enter judgment based on a pretrial motion. However, the three dispositive motions filed in the district court were pretrial motions acceptable under applicable law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2005) (motion to dismiss governmental employee); Tex. R. Civ. P. 85 (plea to the jurisdiction); Tex. R. Civ. P. 166a (motion for summary judgment). In addition, Griffin neither identifies any information provided by the appellees that was "false and misleading" nor explains how cross-examination or discovery would have altered the district court's rulings. *See* Tex. R. App. P. 38.1(i) ("The [appellant's] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). We overrule Griffin's first point of error.

Griffin asserts the following as his second point of error:

Did the City of Austin and its employee Rondella Hawkins cover up [and hide] facts and destroy evidence that would have embarrassed her and her city department once again? Did this city officer after discovering the facts [stand] by and [do] nothing? Did [she] have a fiduciary duty to the law-abiding citizens of the City of Austin?

This point of error appears to relate to Griffin's allegations that after he complained about certain activities by PACT management or co-workers which he considered to be illegal or improper, the PACT Appellees terminated his employment and the City Appellees took

3

no responsive action.  Based on these allegations, Griffin asserted causes of action against the City Appellees (1) under the Texas Whistleblower Act, *see* Tex. Gov't Code Ann. §§ 554.001-.010 (West 2004), and (2) for negligence.

Even if we were to broadly construe Griffin's second point of error as a challenge to the order of the district court granting the City Appellees' plea to the jurisdiction, we would find no error.  Whether a court has subject-matter jurisdiction and whether a plaintiff has affirmatively demonstrated subject-matter jurisdiction are questions of law that we review de novo.  *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).  In deciding a plea to the jurisdiction that challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause.  *Id.*  We construe the pleadings liberally in favor of the plaintiffs and look to the pleader's intent.  *Id.*  If the pleadings affirmatively negate the existence of jurisdiction, the plea to the jurisdiction may be granted without allowing the plaintiff the opportunity to amend.  *Id.* at 227.

The Whistleblower Act's protection against adverse employment actions applies only to an employee of a state or local governmental entity.  *See* Tex. Gov't Code Ann. § 554.002(a).  The City Appellees assert in their plea to the jurisdiction—and Griffin concedes—that Griffin was an employee of PACT, not the City, and that PACT is not a state or local governmental entity.  Therefore, the district court did not err in granting the City Appellees' plea to the jurisdiction with respect to Griffin's whistleblower claim.

Griffin requests that his whistleblower claim be construed to allege a breach of fiduciary duty claim. According to Griffin, the City Appellees breached a fiduciary duty to the public to investigate and prosecute the criminal acts allegedly committed by the PACT Appellees. However, even under a liberal reading, Griffin's pleadings do not allege a cause of action for breach of fiduciary duty. Therefore, whether the City Appellees had a fiduciary duty has no effect on our review of the district court's granting of the City Appellees' plea to the jurisdiction. *See Erisman v. Thompson*, 167 S.W.2d 731, 733 (Tex. 1943) ("[P]leadings determine the issues upon which parties go to trial . . . .").

Griffin also asserts that the City Appellees were negligent due to their inaction in response to Griffin's alerting them to the PACT Appellees' "unprofessional behavior" and "criminal activity." However, under the Texas Tort Claims Act, the tort liability of a municipality performing its governmental functions is limited to certain statutorily specified circumstances and causes of action. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, .0215(a) (West 2005). Construing the pleadings in favor of the plaintiff and assuming the allegations are true, Griffin's factual allegations do not state a cause of action for negligence for which the Tort Claims Act waives immunity. Therefore, the district court did not err in granting the City Appellees' plea to the jurisdiction with respect to Griffin's negligence claim. *See Miranda*, 133 S.W.3d at 226-27.

In addition, with respect to Griffin's negligence claim, the City Appellees filed a motion to dismiss Hawkins under Texas Civil Practice and Remedies Code section 101.106(e), which provides that if a claim is filed under the Tort Claims Act against both a governmental unit and any of its employees, "the employees shall immediately be dismissed on the filing of a motion

by the governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2005). Based on section 101.106(e), the district court did not err in granting the City Appellees' motion to dismiss Hawkins from the lawsuit. We overrule Griffin's second point of error.

Griffin asserts the following as his third point of error:

> Are attorneys licensed in the State of Texas above the laws of the State? When an attorney goes into a courtroom in Texas, knowingly and willingly files false and misleading documents with no hesitation because he knows there will be absolutely no ramifications, no one will ever question him or her, there will be no prosecution of any kind, he has no natural predator to be concerned with, not even the US or Texas courts? With full consent of the Texas Bar Association, they are not the least bit concerned with the attorneys lying. Judges only verbally admonish basically meaning they do nothing.

This point of error presents nothing for our review. *See* Tex. R. App. P. 38.1(i). Griffin does not identify any "false and misleading" information contained in the documents filed by the appellees in the district court. We overrule Griffin's third point of error.

Griffin asserts the following as his fourth and final point of error:

> How does a law-abiding citizen react when city property is being stolen, management is wasting thousands of dollars and donations are being stolen? What does the common man do in this situation?

This point of error also presents nothing for our review. *See id.* Griffin does not connect the point of error to any of his causes of action, the legal arguments in appellees' motions, or the rulings of the district court. We overrule Griffin's fourth point of error.

6

Having overruled each of Griffin's points of error, we affirm the judgment of the district court.[2]

 

 

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   November 17, 2010

---

[2] We note that Griffin also asserted claims against the PACT Appellees for defamation and age discrimination, but he does not challenge the district court's judgment with respect to those claims.