**Opinion issued June 5, 2014**



In The

# Court of Appeals

### For The

# First District of Texas

—————————————————

### NO. 01-13-00334-CV

—————————————————

### ANTHONY NORMAN, Appellant

### V.

### JOHN GIRALDO AND MONICA LILOY, Appellees

On Appeal from the 189th District Court
Harris County, Texas
Trial Court Case No. 2011-07161

## MEMORANDUM OPINION

Appellees John Giraldo and Monica Liloy obtained a no-answer default

judgment against pro se appellant Anthony Norman.[1]  In this restricted appeal,

---

[1]     Norman's notice of appeal and his brief identifies only Giraldo as appellee. However, Monica Liloy is also an "appellee" in this appeal because Norman seeks to alter the trial court's judgment in a manner that is adverse to her.  *See* TEX. R.

Norman raises two issues urging reversal of the judgment. Appellant assails the judgment by asserting that he was not given notice of the default-judgment hearing. He also asserts that the judgment should be reversed because Appellees' pleadings fail to state a valid cause of action.

We affirm.

## Background Summary

On February 2, 2011, Appellees filed the instant suit against Appellant in the 189th District Court of Harris County.[2] To explain the context of the suit, Appellees alleged as follows in their petition:

> The plaintiffs [Giraldo and Liloy], as co tenants, own real property located at 4901 Milam Street, Houston, Harris County, Texas 77006. On or about May 1, 2008, John Giraldo entered into a lease agreement with a third party. It is alleged that John Giraldo failed to return the security deposit as required by law. Defendant filed suit for return of the security deposit on October 26, 2009 in cause number 950135 in the County Court at Law Number 3. Monica Liloy was not made a party of [that] suit. The Court granted the Defendant's Motion for Summary Judgment on April 20, 2010 against John Giraldo. John Giraldo was ordered to pay $17,071.63 plus interest and court cost. A writ of execution was issued on June 30, 2010 for the sale of real property located at 4901 Milam Street, Houston, Texas 77006. The

---

APP. P. 3.1(c) (defining "appellee" as "a party adverse to an appellant"); *Nabors Corporate Servs. v. Northfield Ins. Co.*, 132 S.W.3d 90, 94 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (analyzing whether party was an "appellee"); *see also See* TEX. R. APP. P. 25.1(b) (providing that filing of notice of appeal by any party invokes jurisdiction over all parties to trial court's judgment). Thus, we include Liloy as an appellee in this appeal.

[2] Appellees' suit also named Fabriger Investments, LLC, as a defendant, but it has not filed a notice of appeal.

property was scheduled to be sold by auction on September 7, 2010. A temporary restraining order and temporary injunction [was] filed in the 295th District Court of Harris County and was granted in time to stop the sale in cause number 2010–55816. However the property was sold at the constable sale despite the court order. Defendant, Anthony Norman was the buyer of the property despite the temporary restraining order that was granted before the sale. Anthony Norman later transferred ownership of the property to Fabriger Investments, LLC. On September 16, 2010, the trial court judge lifted the temporary restraining order. However on January 10, 2011, a hearing was held to determine if a sale had occurred and the judge ruled no sale had occurred.

Based on these facts, Appellees requested the trial court to issue injunctive relief ordering Appellant to refrain from entering the property, which Appellees claimed to own. They also requested the trial court to enjoin Appellant from collecting rents from tenants, which occupied the property.

In addition to the injunctive relief, Appellees also requested monetary damages. They sought to be reimbursed for any rental payments that had been collected by Appellant from tenants of the Milam property and for any damage caused to the property by Appellant. Appellees also sought for Appellant to return all keys and access codes to Appellees.

The process server filed an affidavit of service with the trial court on March 2, 2011, indicating that Appellant had been served with Appellees' petition on February 21, 2011. Despite receiving service, Appellant never answered the suit. On January 2, 2013, the trial court granted Appellees' motion for default judgment and signed a judgment, awarding Appellees $1 in damages and $7,500 in

3

attorney's fees. In the judgment, the trial also ordered Appellant to "vacate the premise[s] and surrender possession of the premise[s] to [Appellees] and to return all property belonging to [Appellees]."

Appellant has filed a restricted appeal. Appellant presents two issues, challenging the trial court's default judgment.[3]

## Restricted Appeal

### A. Scope and Standard of Review

A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party. *See* TEX. R. APP. P. 30. It constitutes a direct attack on a default judgment. *See Gen. Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 943 (Tex. 1991). In a review by restricted appeal, we afford the appellant the same scope of review as an ordinary appeal; that is, a review of the entire case, subject only to one restriction: the error must appear on the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

A party filing a restricted appeal must demonstrate that (1) it appealed within six months after the judgment was rendered; (2) it was a party to the

---

[3] Appellees did not file a brief.

underlying suit; (3) it did not participate in the actual trial of the case that resulted in the judgment complained of; (4) it did not timely file a post-judgment motion, a request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Texas Rule of Appellate Procedure 26.1; and (5) error appears on the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Ayala v. Ayala*, 387 S.W.3d 721, 726 (Tex. App.—Houston [1st Dist.] 2011, no pet.). In this case, the record shows (1) Appellant appealed within six months after the judgment was rendered; (2) he was a party to the underlying suit; (3) he did not participate in the default-judgment hearing; and (4) he did not timely file a post-judgment motion, a request for findings of fact and conclusions of law, or a notice of appeal. *See Alexander*, 134 S.W.3d at 847–48. Thus, the first four elements of a restricted appeal are satisfied. Here, the issue to be determined is whether error appears on the face of the record. *See id.*

The face of the record includes all papers on file in the appeal, including the clerk's record and any reporter's record. *See Norman Commc'ns*, 955 S.W.2d at 270; *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991); *Ayala*, 387 S.W.3d at 726. Error generally may not be inferred from silence in the record; thus, absent affirmative proof of error, a restricted appeal fails. *See Alexander,* 134 S .W.3d at 849–50 (holding silence in the record on restricted appeal about

whether notice was provided in hearing to dismiss for want of prosecution amounts to absence of proof of error).

## B. Sufficiency of Appellees' Pleadings

In his first issue, Appellant asserts that the judgment must be reversed because Appellees' pleading failed to state a cognizable cause of action.

A default judgment must be supported by a petition that states a cause of action. *See Fairdale Ltd. v. Sellers*, 651 S.W.2d 725, 725 (Tex. 1982). The purpose of a pleading is to provide the defendant with fair notice of the cause of action and of the character of evidence that will be raised at trial, as well as to define the issues to be heard. *See Pinter v. Asafi Law Firm*, No. 01-12-00048-CV, 2012 WL 5458426, at * 3 (Tex. App.—Houston [1st Dist.] Nov. 8, 2012, no pet.) (citing *Wilson*, 169 S.W.3d at 369). When determining whether a pleading properly includes an allegation, we must look at the pleading from the perspective of the person against whom the pleading is made. *Wilson*, 169 S.W.3d at 369 (citing *Erisman v. Thompson*, 167 S.W.2d 731, 733 (Tex. 1943). A petition is sufficient if a cause of action reasonably may be inferred from what is stated in the petition, even if an element of the action is not specifically alleged. *See Pinter*, 2012 WL 5458426, at * 3 (citing *Westcliffe, Inc. v. Bear Creek Const., Ltd.*, 105 S.W.3d 286, 292 (Tex. App.—Dallas 2003, no pet.)). "Mere formalities, minor defects, and technical insufficiencies will not invalidate a default judgment where

the petition states a cause of action and gives 'fair notice' to the opposing party of the relief sought." *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979).

Here, a trespass-to-try-title claim may reasonably be inferred from Appellees' petition. A trespass-to-try-title action is a procedure by which competing claims to title or the right to possession of real property may be adjudicated. *See Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994); *see also I–10 Colony, Inc. v. Lee*, 393 S.W.3d 467, 480 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (stating that trespass-to-try-title lawsuit is an action to recover possession of land withheld from an owner with a right to immediate possession). A trespass-to-try-title suit must be brought against the person in possession if the premises are occupied. *See* TEX. R. CIV. P. 784. To recover, a claimant must establish a prima facie right of title by proving one of the following: (1) a regular chain of conveyances from the sovereign; (2) a superior title out of a common source; (3) title by limitations; or (4) prior possession, which has not been abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). Damages available in a trespass-to-try-title suit include lost rents and profits, damages for use and occupation of the premises, and damages for any special injury to the property. *See* TEX. R. CIV. P. 783(f) (recognizing recoverability of "rents and profits" in trespass to try title actions); *see also Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 921 (Tex. 2013).

As set out above, Appellees' petition implicated a dispute concerning title to real property. Appellees sued Appellant, a party alleged to be in possession of the property. Appellees claimed superior title to the Milam property and asserted that they were entitled to possession. More specifically, Appellees alleged that they are the "record owners" and that they had been in possession of the property until it was purportedly sold to Appellant at the constable's sale. In the petition, Appellees sought to recover possession of the property and to recover damages, including lost rents and damages for injury to the property. We conclude that the face of the record shows that Appellees alleged a cause of action in their petition sufficient to provide Appellant fair notice of the claim and to support the default judgment.[4]

We overrule Appellant's first issue.

## Notice of Hearing

In his second issue, Appellant complains that he did not have notice of the default-judgment hearing.[5]

---

[4] A default judgment may be rendered in a trespass-to-try-title action. *See* TEX. R. CIV. P. 799.

[5] Appellant states that the trial court, which is a Harris County district court, had neither subject-matter jurisdiction over the suit nor personal jurisdiction over him. He is incorrect. District courts are tribunals of general jurisdiction with exclusive, appellate, and original jurisdiction in all causes unless the domain has been constitutionally or statutorily specified elsewhere.'" *See It's the Berrys, L.L.C. v. Edom Corner, L.L.C.*, 271 S.W.3d 765, 770 (Tex. App.—Amarillo 2008, no pet.)

A plaintiff may take a default judgment against a defendant who, like Appellant, fails to file an answer. *See* TEX. R. CIV. P. 239. The plaintiff may take the default judgment without further notice if the defendant has not filed a written answer or otherwise "appeared" in the action. *See Wilson v. Wilson*, 132 S.W. 3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). But if the defendant has answered or appeared in some manner, due process thereafter entitles the defendant to notice of any trial setting—and that includes a hearing on a motion for default judgment. *See LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989); *In re Marriage of Runberg*, 159 S.W.3d 194, 197 (Tex. App.—Amarillo 2005, no pet.).

Here, the face of the record does not reflect—and Appellant does not assert—that Appellant filed an answer or otherwise appeared in the trial court before the default-judgment was rendered. Appellant has not shown that he was entitled to notice of the default-judgment hearing. *See Wilson*, 132 S.W. 3d at 536.

We overrule Appellant's second issue.

---

(citing 1 Roy W. McDonald & Elaine A. Grafton Carlson, *Texas Civil Practice: Courts* § 3:30 n.1 (2d ed. 2004)); *see* TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 24.008 (Vernon 2004). For "courts of general jurisdiction, . . . the presumption is that they have subject-matter jurisdiction unless a showing can be made to the contrary." *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). No showing to the contrary has been made in this suit. In addition, the trial court had personal jurisdiction over Appellant because the record reflects that he was properly served with process. *See In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012).

## Conclusion

We hold that the face of the record does not show error, as asserted by Appellant. Accordingly, we affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.