DALLAS FIRE FIGHTERS ASSOCIATION, Ken Clower, Brett Stidham, Bryan Russell, Tracy Beard, Robert Myers, Robert McCrummen, John Speer, Robert Cale, Salvador Garcia, Chad Smith, Gary Brown, William S. White, Greg Forrester, Richard Santa Cruz, Murphy Rogers, David Diggs, Ron Janek, Dale Coston, Clayton King, Jesse Garcia, Steve Fass, Chris Willeford, Greg Harper, Dennis Perkins, Wesley Pemberton, Paul Julian, Noe Garza, Richard Gambrell, Chuck Bratton, Greg Sturch, Tolvia Wilcoxen, Richard Ewing, Benjamin Bryan, Rick Thomas, and John Garrison, Appellants,

v.

BOOTH RESEARCH GROUP, INC., Appellee.

No. 05–04–00229–CV.

Court of Appeals of Texas, Dallas.

Feb. 8, 2005.

Barbara L. Emerson, Bellinger & De-Wolf L.L.P., James W. Jennings III, Dallas, for appellants.

Philip Durst, Wiseman Durst Colvin & Owen, P.C., Austin, Karen Jyllane Tracy, Office of the City Atty., Dallas, for appellee.

Before Justices MOSELEY, FRANCIS, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

The Dallas Fire Fighters Association (DFFA) and thirty-five individual fire fighters (collectively appellants) appeal the trial court's order granting summary judgment in favor of Booth Research Group, Inc. (BRG).[1] Appellants bring six issues on appeal: (1) the court erred in disposing of their breach of contract claim; (2) the court erred in granting summary judgment for their negligent misrepresentation claim; (3) the court erred in dismissing appellants's negligence claim; (4) BRG's summary motion failed as a matter of law in not identifying legal authority; and (5) the court erred in declaring the judgment to be final because (a) appellants had asserted a claim against BRG not addressed in the motion and (b) BRG sought an affirmative claim for attorney's fees not addressed by the order granting summary judgment. We affirm the trial court's judgment.

## Factual Background

The parties' dispute involves the City of Dallas's decisions regarding whom to promote in the fire operations division. The thirty-five individual appellants are fire fighters employed by the City who were

1. The City of Dallas was originally a co-defendant in this case. The City filed its plea to the jurisdiction, which the court granted. We affirmed that order in *Dallas Fire Fighters Association v. City of Dallas*, No. 05–03–01787–CV, 2004 WL 1662945, at *2 (Tex. App.-Dallas Jul.27, 2004, pet. filed).

either denied promotions or had promotions delayed. The DFFA is a nonprofit association whose purpose is to promote, support, and advocate on behalf of its members—Dallas Fire Department employees—regarding issues that include pay, staffing, and promotions.

When the City settled a lawsuit with the Black Fire Fighters Association—and with DFFA, Intervenor—in 1994, it agreed to provide an oral assessment as part of the exam given to candidates seeking a promotion to the rank of lieutenant and captain within the Dallas Fire Department. Five years later, the City contracted with BRG to develop an exam for promotions, including the written examination and the oral assessment portions. In April and May 2000, the thirty-five fire fighters sat for the oral assessment portion of the promotion examination. When the fire fighters' promotions were denied or delayed, appellants sued.

In the most recent petition, filed November 10, 2003, appellants brought causes of action against BRG and the City of Dallas. In the portion of the petition involving BRG, appellants alleged BRG breached the contract it had with the City and that such breach resulted in injury to appellants. Appellants also raised a claim for negligent misrepresentation by asserting that BRG disseminated erroneous materials and information to the promotion candidates. Finally, appellants asserted a negligence claim and contended BRG was negligent in preparing the assessment materials. Appellants also sought attorney's fees and court costs.

After filing a general denial, BRG moved for summary judgment. BRG argued there was no summary judgment proof that appellants had established any

element of their negligence cause of action. BRG also asserted there existed specific summary judgment evidence that negated the negligent misrepresentation elements. Finally, regarding the breach of contract cause of action, BRG argued that (1) the record contained proof negating any breach of contract and (2) there was no evidence to establish appellants were third-party beneficiaries. BRG requested that all claims be dismissed and that upon entry of such judgment, the court set the cause for a hearing on the remaining issues of its causes of action and counter claims. Before the court ruled on the summary judgment motion, however, BRG sent a letter to the court stating, "[A]s reflected in our pleadings, at this time *we do not make any claim for attorney's fees or affirmative relief* ...." (Emphasis in original.) The court granted BRG's summary judgment motion, and concluding all claims were disposed of, declared the order to be a final judgment.

Appellants filed a motion for new trial, alleging the order could not constitute a final judgment as BRG had, in its first summary judgment motion, sought to reserve an affirmative counterclaim and a claim for attorney's fees.[2] The motion was overruled by operation of law.

### GRANTING OF SUMMARY JUDGMENT

In their first three issues, appellants argue the court erred in granting summary judgment on their causes of action— breach of contract, negligent misrepresentation, and negligence. We disagree.

### Standard of Review

In its motion for summary judgment, BRG raised both traditional and no-evi-

2. BRG filed an amended motion for summary judgment shortly before the hearing on the

first summary judgment motion was held.

dence points; the standards for reviewing both types of summary judgment are well established. *See* Tex.R. Civ. P. 166a(c), 166a(i). Under a traditional motion for summary judgment, the moving party carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *S.W. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). After the movant produces evidence entitling it to summary judgment, the burden then shifts to the nonmovant to present evidence of any issues that would preclude summary judgment or create a fact issue. *See Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996); *Muckelroy v. Richardson Indep. Sch. Dist.,* 884 S.W.2d 825, 828 (Tex.App.-Dallas 1994, writ denied). Any doubts about the existence of a genuine issue of material fact are resolved against the movant, and all evidence and any reasonable inferences must be viewed in the light most favorable to the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985).

By contrast, when a party moves for summary judgment under rule 166a(i), asserting that no evidence exists as to one or more elements of a claim on which the nonmovant would have the burden of proof at trial, the burden is on the nonmovant to present enough evidence to raise a genuine issue of material fact on each of the challenged elements. Tex.R. Civ. P. 166a(i); *Gen. Mills Rest., Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 832 (Tex.App.-Dallas 2000, no pet.). In determining whether the nonmovant has met its burden, we review the evidence in the light most favorable to the nonmovant and resolve all doubts in its favor. *Crocker v. Paulyne's Nursing Home, Inc.,* 95 S.W.3d 416, 419 (Tex.App.-

Dallas 2002, no pet.); *General Mills,* 12 S.W.3d at 833.

When the trial court does not specify the basis for its ruling, it is an appellant's burden on appeal to show that each of the independent grounds asserted in support of summary judgment is insufficient to support summary judgment. *See Smith v. Tilton,* 3 S.W.3d 77, 83 (Tex.App.-Dallas 1999, no pet.).

### Breach of Contract

In their first issue, appellants contend the trial court erred in disposing of their breach of contract claim. Appellants argue they are intended beneficiaries under the contract because the City agreed to provide an oral assessment as part of the exam given to promotion candidates under the 1994 settlement agreement. Appellants further argue the City had a legal duty to provide the oral assessment, and it contracted with BRG to meet this requirement. We disagree with appellants' arguments.

### *Third–Party–Beneficiary Status*

Appellants identify the summary judgment motion addressing third-party-beneficiary status as a no-evidence motion. Appellants contend there existed evidence establishing they were a third-party beneficiary of the contract between BRG and the City. We disagree.

The fact that a person might receive an incidental benefit from a contract to which he is not a party does not give him a right of action to enforce the contract. *MCI Telecomm. Corp. v. Tex. Utils. Elec. Co.,* 995 S.W.2d 647, 651 (Tex.1999). A third party may recover on a contract made between other parties only if the parties entered into the contract directly for the third party's benefit. *Id.* To qualify as one for whose direct benefit the contract was made, the third party must

show that he is either a donee or creditor beneficiary of, and not one who is benefited only incidentally by, the performance of the contract. *Id.*

In determining whether a third party can enforce a contract, the intention of the contracting parties is controlling. *Id.* A court will not create a third-party-beneficiary contract by implication. *Id.* The intention to contract or confer a direct benefit to a third party must be clearly and fully spelled out, or enforcement by the third party must be denied, and the reviewing court looks at the language in the contract. *See id.*

Consequently, a presumption exists that parties contracted for themselves unless it "clearly appears" that they intended a third party to benefit from the contract. *Id.; Whitten v. Vehicle Removal Corp.,* 56 S.W.3d 293, 311–12 (Tex.App.-Dallas 2001, no pet.). If there is any reasonable doubt as to an intent to confer a direct benefit, the third-party-beneficiary claim must fail. *Whitten,* 56 S.W.3d at 312; *see MJR Corp. v. B & B Vending Co.,* 760 S.W.2d 4, 10 (Tex.App.-Dallas 1988, writ denied). We will deny third-party recovery unless

> (1) the obligation of the bargain-giver is fully spelled out, (2) it is unmistakable that a benefit to the third party was within the contemplation of the primary contracting parties, and (3) the primary parties contemplated that the third party would be vested with the right to sue for enforcement of the contract—all presumptions being invoked against liability to the third party.

*Whitten,* 56 S.W.3d at 312 (quoting *Reyna v. Safeway Managing Gen. Agency for State and County Mut. Fire Ins. Co.,* 27 S.W.3d 7, 22 (Tex.App.-San Antonio 2000, pet. granted, judgm't vacated w.r.m.)).

In the present case, appellants were not parties to the contract between BRG and the City. Further, they were not referenced as an intended beneficiary under the contract. There is no evidence the City and BRG "entered into the contract directly and primarily for the benefit of" appellants. *See Whitten,* 56 S.W.3d at 311–12. Further, any benefit to appellants is not "clearly and fully spelled out," nor does it "clearly appear" that BRG and the City intended a third party to benefit from the contract. *See MCI Telecomm.,* 995 S.W.2d at 651. We cannot conclude that it is "unmistakable" that a benefit to appellants was within BRG's and the City's contemplations. *See Whitten,* 56 S.W.3d at 311–12.

Appellants argue they were intended to benefit under the contract because the contract sought to fulfill the 1994 settlement requirements. Appellants' reasoning is misplaced. The City did not contract with BRG to relieve the City of its burden of providing an oral assessment. It merely contracted with BRG to develop the oral assessment. At most, appellants only incidentally benefited from the contract.

### BRG's Assumption of the City's Contractual Duties

In its amended petition, appellants added a paragraph to their section entitled "Breach of Contract/Third–Party Beneficiary." This new paragraph alleged BRG had "assumed the duties and obligations of the City under the terms of the Contract" and as a result, "BRG had a duty to comply with the applicable provisions of the City Charter and Civil Service Rules. BRG failed to do so and is liable to [appellants] for breach of those contractual obligations.…" Appellants make no argument under their first issue that the court erred in granting summary judgment for this allegedly "new" breach of contract claim; they address only the third-party-

beneficiary argument. Accordingly, we do not review that portion of the court's judgment under this issue.

### Conclusion

The presumption exists the City and BRG contracted only for themselves, and it does not "clearly appear" in the contract that the City and BRG intended a third party to benefit more than incidentally from the contract. *See MCI Telecomm.*, 995 S.W.2d at 651; *Whitten*, 56 S.W.3d at 311–12. We therefore reject the third-party-beneficiary claim and conclude any benefit to appellants in particular was merely incidental to the contract between BRG and the City. We resolve appellants' first issue against them.

### Negligent Misrepresentation

In their second issue, appellants argue the trial court erred in granting summary judgment on their negligent misrepresentation claim. Appellants contend BRG failed to meet its burden of establishing that no material fact issue existed and that it was entitled to judgment as a matter of law.

Appellants alleged BRG disseminated erroneous information to promotion candidates during the orientation sessions conducted prior to the oral assessments. Appellants contend that Dr. Walter S. Booth, president of BRG, told the candidates they would be questioned about their written responses to the previously administered written exams. Appellants alleged they were not questioned about their written responses but were instead "questioned on entirely different questions." Appellants also alleged that Booth represented to the candidates that no significant movement in rank should occur based on the oral assessments, as compared to the rank received after completing the written portion of the examination.

BRG argued in its motion for summary judgment that these basic elements of appellants' negligent misrepresentation claims were negated:

(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest;

(2) the defendant supplies "false information" for the guidance of others in their business;

(3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and

(4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex.1991). "Significantly, the sort of 'false information' contemplated in a negligent misrepresentation case is a misstatement of existing fact, not a promise of future conduct." *Allied Vista v. Holt*, 987 S.W.2d 138, 141 (Tex.App.-Houston [14th Dist.] 1999, pet denied) (citing *Airborne Freight Corp., v. C.R. Lee Enters., Inc.*, 847 S.W.2d 289, 294 (Tex.App.-El Paso 1992, writ denied)).

As part of its summary judgment evidence, BRG attached a transcribed copy of the orientation session. It was during this orientation that appellants alleged BRG made the complained-of misrepresentations. There were two types of information appellants alleged BRG provided that was false: (1) the topics on which candidates would be questioned and (2) the movement Booth expected should occur in the rankings after the oral assessment was completed.

Regarding the types of questions that would be asked of promotion candidates during the oral assessments, Booth stated, "[T]hey'll ask you a variety of questions. Some of the questions will be based directly on your response; some will be

general questions that they'll ask every single candidate to respond to." This statement shows Booth's expectation of what would happen during the oral assessments included the examiners asking "general questions" unrelated to the candidates' individual responses. We conclude, therefore, the summary judgment evidence provided by BRG shows that Booth did not state the candidates would be asked only about their responses.

Regarding the movement expected, Booth stated,

I have seen some significant movement in people, and there's not much movement, you know. It varies considerably.

. . .

I doubt that there would be significant movement; but I must say, what is significant to me may be different than what's significant to you. . . .

. . .

I don't think you'll see a huge—you know, a lot—very many people moving more than six places. This is just speculation on my part, too. I'm sure this is going to come back to haunt me. "You said"—but I don't anticipate that. I would be surprised with it if there were a lot of people moving a significant number of places.

The statements about movement of ranks likewise reflected Booth's expectation of future performance and, as Booth himself stated, were merely speculation. We conclude the statements about movement consisted of an expectation of future conduct, not existing fact. See Allied Vista, 987 S.W.2d at 141; Airborne Freight Corp., 847 S.W.2d at 294. Because a statement about an existing fact is required for a negligent misrepresentation claim, we conclude BRG negated an element of appellants' negligent misrepresentation claim.

Having produced evidence negating an element of appellants' negligent misrepresentation claim, the burden shifted to appellants to present evidence of any issues that would preclude summary judgment or create a fact issue. See Walker, 924 S.W.2d at 377. The evidence appellants produced to support its contention that BRG supplied false information was the deposition testimony of Ken Clower and Noe Garza. However, this deposition testimony showed the complained-of statements by Booth were statements referencing future acts—not existing facts.

We conclude appellants did not meet their burden of presenting evidence of any issues that would preclude summary judgment or create a fact issue. We resolve appellants' second issue against them.

### Negligence

In their third issue, appellants argue the court erred in granting the summary judgment on their negligence claim. They argue competent summary judgment evidence established there was more than a scintilla of evidence and/or a genuine issue of material fact as to each element of their claim BRG was negligent in administering the promotional testing.

In its summary judgment motion, BRG first addressed appellants' negligence claims and stated it was "entitled to judgment as a matter of law on any of plaintiffs' causes of action for negligence." BRG argued there was no summary judgment proof that appellants had established any element of their negligence cause of action. BRG quoted caselaw to state elements of negligence include duty, breach of that duty, and damages "proximately resulting from the breach." See El Chico Corp. v. Poole, 732 S.W.2d 306, 311 (Tex. 1987); Rosas v. Buddie's Food Store, 518 S.W.2d 534, 536 (Tex.1975).

A no-evidence summary judgment motion could have been granted if appellants had no evidence of *any one* of the elements of negligence. *See Gen. Mills Rest., Inc.*, 12 S.W.3d at 832. And on appeal, because the court did not specify its reasons for granting summary judgment, appellants have the burden to show that each of the grounds asserted in support of summary judgment is insufficient to support summary judgment. *See Smith*, 3 S.W.3d at 83. BRG argued that appellants had no evidence of *any* of the elements for negligence—duty, breach of that duty, and damages as caused by the breach. Accordingly, once BRG asserted its no-evidence ground, appellants had the burden to present enough evidence to raise a genuine issue of material fact on each of those challenged elements. *See Gen. Mills Rest.*, 12 S.W.3d at 832.

In their brief, appellants argue there was summary judgment evidence establishing a duty and breach of that duty. However, as to any alleged breach *causing* damages, appellants merely state, "The summary judgment record established that these acts and omissions greatly impacted the Fire Fighters' performance, proximately causing the Fire Fighters' injury pursuant to the inequitable promotion and/or allocation of available positions for fire lieutenant and/or fire captain, adverse placement on the promotion list(s), delay and/or failure of the Fire Fighters to be promoted as entitled." Appellants fail to explain why or how any alleged breach caused them not to be promoted when others, after taking the same performance examination, were promoted. And they fail to direct this Court to any summary judgment evidence they presented that raised a genuine issue of material fact on the challenged element of causation. Further, appellants cite to no evidence in the record to establishing a fact issue regarding causation. Accordingly, although appellants brought the general issue forward, they have inadequately briefed any argument on this ground for summary judgment. *See* Tex.R.App. P. 38.1(h).

Notwithstanding inadequate briefing, appellants made the same generalized statement regarding causation in their response to BRG's summary judgment motion, referencing their exhibits 4–7. Exhibits 4 and 5 are lists of those eligible to take the exam for lieutenant and captain respectively, their ranks, and dates of promotion. Exhibits 6 and 7 are lists showing the movement among the rankings after the oral assessment was administered. Appellants had the burden, once BRG moved for summary judgment based on no evidence, to present enough evidence to raise a genuine issue of material fact on each of the challenge element of causation. *See Gen. Mills Rest.*, 12 S.W.3d at 832. The lists attached as Exhibits 4–7 do nothing to show how any alleged breach of an alleged duty caused other candidates to be promoted before appellants. We conclude appellants failed to meet their burden, and we resolve their third issue against them.

### IDENTIFICATION OF LEGAL AUTHORITY / CITATION TO EVIDENCE

In their fourth issue, appellants complain that BRG's summary judgment motion "failed as a matter of law" because BRG did not "identify either legal authority and/or evidence" supporting the motion in a timely manner. Appellants contend BRG was required to direct the trial court to the evidence on which it relied.

Appellants present no actual argument under this issue that BRG failed to cite legal authority. Accordingly, this part of their issue is inadequately briefed. *See* Tex.R.App. P. 38.1(h).

Regarding appellants' contention BRG failed to specifically point out its evidence

supporting the summary judgment motion, we first note that regarding BRG's no-evidence motions, BRG was not required to produce evidence. As reviewed above, BRG raised no-evidence points regarding its third-party-beneficiary breach of contract cause of action and its negligence cause of action. Because BRG was not required to produce evidence for any of these no-evidence points, we conclude appellants' fourth issue is inapplicable to these causes of action.

■■■ Further, BRG raised a no-evidence point regarding the allegedly new breach of contract claim addressing the City's duties under the city charter and civil service rules.[3] In its original motion, BRG alleged there was "no summary judgment proof that the test administered by BRG violated any of the Dallas City Charter or Civil Service Rules alleged by plaintiff." This ground squarely addresses the later-pled cause of action that BRG did not comply with the applicable provisions of the City Charter and Civil Service Rules. A movant need not amend a motion if it is sufficiently broad to encompass a later-filed claim. *See Wilson v. Korthauer*, 21 S.W.3d 573, 579 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). And appellants do not complain that summary judgment was granted on that ground in error, so we need not review the appropriateness of summary judgment on that no-evidence ground. Because BRG was not required to produce evidence for this ground, we conclude appellants' fourth issue is inapplicable to this allegedly new cause of action. We address Appellant's fourth issue as it relates only to appellants' negligent misrepresentation claim.

During the hearing on the summary judgment motion, BRG directed the court to the transcribed copy of the orientation session. Further, BRG submitted a brief in support of its summary judgment motion that directs the court to specific page numbers in the orientation transcription. We conclude the court was made aware of the evidence on which BRG relied.

Appellants do not offer any legal authority to support the contention that BRG's failure to identify the specific evidence on which it relied "could not be cured by the late submission at the hearing." Accordingly, appellants have not briefed that part of their argument. *See* Tex.R.App. P. 38.1(h). We resolve appellants' fourth issue against them.

### Summary Judgment Disposing of All Claims

In their fifth and sixth issues, appellants argue the trial court erred in ruling that all of BRG's claims had been disposed of and thus erred in declaring the judgment to be final because (1) appellants had asserted a claim against BRG not addressed in BRG's original motion and (2) BRG sought an affirmative claim for attorney's fees not addressed by the order granting summary judgment.[4] Appellant's argument is without merit.

### Appellant's Third Amended Petition

After BRG filed its motion for summary judgment, appellants filed their third amended petition, seven days prior to the summary judgment hearing. In their fifth issue, appellants argue this new petition added a "new and distinct breach of con-

---

3. We make no determination if the added paragraph actually added a new cause of action; that determination is unnecessary for purposes of our review.

4. Appellants do not argue the judgment is not final and appealable, only that it is subject to reversal because the court erred in determining all claims had been disposed of based on the arguments raised in the summary judgment motion.

tract claim against BRG that was not based upon appellants' standing as third-party beneficiaries." That new paragraph alleged BRG was liable to appellants for breach of contract because BRG had "assumed the duties and obligations of the City under the terms of its Contract" and "had a duty to comply with the applicable provisions of the City Charter and Civil Service Rules." Appellants now complain (1) according to rule 166a(c), the court could grant summary judgment only on grounds raised in the original motion; (2) the original summary judgment motion did not address this allegedly "new" cause of action; and (3) therefore, the court erred in granting summary judgment for this allegedly new cause of action. *See* Tex.R. Civ. P. 166a(c).

BRG's original motion for summary judgment included appellants' "new" contract claim. In its original motion, BRG stated both that (1) it was "entitled to judgment as a matter of law on *any* of plaintiff's cause [sic] of action for alleged breach of contract," and (2) there was "no summary judgment proof that the test administered by BRG violated any of the Dallas City Charter or Civil Service Rules alleged by plaintiff." [5] (Emphasis added.)

If the original motion was sufficiently broad to encompass the later-filed claim, BRG was not required to amend its motion in order for the trial court to consider the new claim as having been addressed by the former motion. *See Wilson,* 21 S.W.3d at 577. In granting summary judgment in BRG's favor, the court stated it disposed of all of appellants' claims. Accordingly, we conclude the court interpreted appellants' added theory of breach of contract as having been addressed by BRG's original motion for summary judgment. Appellants do not complain the court erred in granting summary judgment on its alleged

new theory under breach of contract. We resolve appellants' fifth issue against them.

### Attorney's Fees

In their sixth issue, appellants again argue the court erred in ruling it had disposed of all of appellants' claims, this time because there remained before the court BRG's request for attorney's fees. In a letter to the court from BRG, prior to the entry of judgment, and in their brief before this Court, BRG waived its claims for attorney's fees. We resolve appellants' sixth issue against them.

We affirm the trial court's judgment.

---

**5.** BRG made the same statements in its amended summary judgment motion.