IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00399-CV

 

John Cahak,

                                                                                    Appellant

 v.

 

Rehab Care Group, Inc.,

                                                                                    Appellee

 

 

 



From the 414th District Court

McLennan County, Texas

Trial Court No. 2004-3169-3

 



MEMORANDUM  Opinion



 

            John Cahak sued Rehab Care Group, Inc., his former
employer, for breach of contract and fraudulent and negligent
misrepresentation.  The trial court granted Rehab’s traditional and no-evidence
motions for summary judgment.  Cahak appeals.  We will affirm.

Standards of Review

We review a trial court’s summary judgment de
novo.  Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003).  In reviewing a summary judgment, we must consider
whether reasonable and fair-minded jurors could differ in their conclusions in
light of all of the evidence presented.  See Goodyear Tire &
Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  We must consider all
the evidence in the light most favorable to the nonmovant, indulging every
reasonable inference in favor of the nonmovant and resolving any doubts against
the motion.  See id. at 756.

A no-evidence motion for
summary judgment is essentially a motion for pretrial directed verdict.  Mack
Trucks, Inc. v. Tamez, 206 S.W.3d 572, 581 (Tex. 2006); see also Humphrey v. Pelican Isle Owners Ass’n, 238 S.W.3d 811, 813 (Tex. App.—Waco 2007, no
pet.).  Once
such a motion is filed, the burden shifts to the nonmoving party to present
evidence raising an issue of material fact as to the elements specified in the
motion.  Tamez, 206 S.W.3d at 583.  A genuine issue of material fact
exists if more than a scintilla of evidence establishing the existence of the
challenged element is produced.  King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003).  More than a scintilla of evidence exists when the
evidence “rises to a level that would enable reasonable and fair-minded people
to differ in their conclusions.”  Id. (quoting Merrell Dow
Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)).  On the other
hand, the evidence amounts to no more than a scintilla if it is “so weak as to
do no more than create a mere surmise or suspicion” of fact.  Id.  When
determining if more than a scintilla of evidence has been produced, the
evidence must be viewed in the light most favorable to the nonmovant.  Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004).

Background and Evidence

            Rehab provided rehabilitative services
for hospitals.  In 1997, Cahak was hired as the program director for Rehab’s
comprehensive rehabilitation unit at Hillcrest Baptist Medical Center in Waco.  Cahak’s employment was at will.  After an accreditation mock survey in
November 2002 in which Cahak was found to be deficient in several areas, Rehab
removed Cahak as the program director at Hillcrest as of December 6, 2002. 
Hillcrest’s director of rehabilitation services wrote a December 19 letter to
Rehab that questioned Rehab’s decision to remove Cahak.

            Rehab did not fire Cahak at that time;
it placed him on an “as needed” basis, with Rehab having no obligation to
provide Cahak with fulltime employment.  Rehab gave him two options.  First, he
could continue his employment with Rehab as needed, and Rehab would help Cahak
develop his management skills so that he might be more effective in the
future.  Second, should Cahak not want to participate in the management
development plan, he could take a six-week severance plan that would include a
separation plan and release.  Cahak chose the first option and also went on
short-term disability status to have knee surgery.

Cahak met with his superiors on January 6, 2003,
to discuss his situation, after which he sent an email setting forth his
understanding of the meeting, which he described as “looking at issues,
possible solutions and possible opportunities.”  Cahak then had knee surgery. 
A January 14 letter to Cahak from Rehab requested him to notify Rehab one week
before he intended to return to work.  On March 18, Cahak’s physician released
him to return to work when Cahak felt comfortable to do so.  Rehab wrote an
April 10 letter to Cahak requesting a response by April 15 regarding his return
to work.  Meanwhile, Cahak had been working part-time at another local
hospital.  When Cahak did not respond to Rehab’s April 10 letter, Rehab
terminated his employment on April 23.

            Cahak sued Rehab, asserting that his
at-will status became contractual when he chose the option to continue
employment with Rehab and claiming he relied to his detriment on Rehab’s
misrepresentations about his continued employment with Rehab.  Cahak’s theory
is that, because Hillcrest was upset with Rehab’s removal of Cahak, Rehab fraudulently
induced Cahak to continue his employment with Rehab until Hillcrest had renewed
its contract with Rehab.

            Cahak presents two issues on appeal: 
(1) whether Rehab’s offer to continue Cahak’s employment so long as he
participated in a management development plan altered his as-will status; and
(2) whether Rehab’s representations entitled Cahak to the benefits of continued
employment or alternatively to the previously offered severance package.

Discussion

            Texas adheres to the
employment-at-will doctrine, which provides that, absent a specific agreement
to the contrary, employment may be terminated by the employer or the employee
at will, with or without cause.  Montgomery County Hosp. Dist. v. Brown, 965 S.W.2d 501, 502 (Tex. 1998); East Line & Red River Ry. Co.
v. Scott, 72 Tex. 70, 10 S.W. 99, 102 (1888).  To defeat the strong
presumption of at-will employment, the employee has the burden to show that the
employer unequivocally indicated a definite intent to be bound not to terminate
the employee except under clearly specified circumstances or conditions.  Midland
Jud. Dist. Community Supervision & Corrections Dep’t v. Jones, 92
S.W.3d 486, 488 (Tex. 2002).  General comments that an employee will not be
discharged as long as his work is satisfactory do not in themselves manifest
such an intent, nor do statements that an employee will be discharged only for
“good reason” or “good cause” when there is no agreement about what those terms
encompass.  Brown, 965 S.W.2d at 502.

            Cahak contends that Rehab’s offer to
continue Cahak’s employment so long as he participated in a management
development plan, and his acceptance of it, altered his at-will status.  But
Cahak admitted in his deposition that Rehab never guaranteed that he would be
employed for a certain period of time; in his mind, he could have left Rehab at
any time with appropriate notice.  He also said that he had been considering
employment opportunities outside of Rehab, but his primary goal was to stay
with Rehab.  Moreover, Rehab’s letter to Cahak formally notifying him of his
removal stated that Rehab had “no obligation to provide [him] with full time
employment.”

            Because Cahak produced no evidence
that Rehab unequivocally indicated a definite intent to be bound not to
terminate him without cause—i.e., that his at-will status was altered by
agreement—the trial court did not err in granting summary judgment on Cahak’s
breach of contract claim.  None of Rehab’s statements or the representations,
assurances, or conditions overcome the strong presumption that Cahak’s at-will
status continued after he was removed as Hillcrest program director.  We
overrule his first issue.

            Cahak alternatively alleged claims for
fraudulent or negligent misrepresentation, basically asserting that he relied
on Rehab’s false assurance of continued and apparently indefinite employment
and that he thereby suffered damages.  But an “at will” employee is barred from
bringing a cause of action for fraud against his employer based upon the employer’s
decision to discharge the employee.[1]  See
Leach v. Conoco, Inc., 892 S.W.2d 954, 960-61 (Tex. App.—Houston [1st
Dist.] 1995, writ dism’d w.o.j.); see also Crow v.
Rockett Special Utility Dist., 17 S.W.3d
320, 329-330 (Tex. App.—Waco 2000, pet. denied) (“If an at-will employee such as Crow were allowed to assert that
his employer's policies constitute fraudulent representations, then the at-will
employment doctrine would be effectively eviscerated.”), disapproved on
other grounds by Binur v. Jacobo, 135 S.W.3d 646, 651 n.11 (Tex. 2004).  An
at-will employee’s claim for fraudulent inducement is also precluded as a
matter of law.  Miller v. Raytheon
Aircraft Co., 229 S.W.3d 358, 381 (Tex. App.—Houston [1st Dist.) 2007, no pet.); Brown v. Swett & Crawford of Tex., Inc., 178 S.W.3d 373, 379-80 (Tex. App.—Houston [1st Dist.]
2005, no pet.).  Cahak’s fraud claim based on an alleged assurance that his
employment would continue with Rehab is therefore precluded as a matter of law
because his employment was at will.  The trial court properly granted summary
judgment on Cahak’s fraud claim.

To establish a negligent misrepresentation claim,
the plaintiff must also prove that the defendant misrepresented an existing
fact rather than a promise of future conduct.  See Federal Land Bank Ass’n
v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991); Miller, 229 S.W.3d at
379; Dallas Firefighters Ass’n v. Booth Research Group, Inc., 156 S.W.3d
188, 194 (Tex. App.—Dallas 2005, pet. denied).  Thus, in addition to failing
for the same reason as his fraud claim, Cahak’s negligent misrepresentation
claims fail as a matter of law because the alleged promise of continuing
employment was a promise of future conduct, rather than statements of existing
fact.  Miller, 229 S.W.3d at 379-80.  The trial court did not err in
granting summary judgment on Cahak’s negligent misrepresentation claim.

Having overruled Cahak’s issues, we affirm the
trial court’s summary judgment.

 

 

 

BILL VANCE

Justice

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

Affirmed

Opinion delivered and
filed August 6, 2008

[CV06]









[1]               Because Cahak was an at-will
employee, his reliance on two cases involving contracting parties is
misplaced.  See  Spoljaric v. Percvial Tours, Inc., 708 S.W.2d 432, 433
(Tex. 1986) (plaintiff worked for defendant under a two-year employment
contract); Formosa Plastics Corp. USA v. Presidio Engineers &
Contractors, Inc., 960 S.W.2d 41, 43-44 (Tex. 1998) (construction
contract).