Affirmed; Opinion Filed February 21, 2013.



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-11-01336-CV

## RODNEY K. MEISEL, Appellant
## V.
## U.S. BANK, N.A., Appellee

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-08272**

## OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Evans

Rodney K. Meisel sued U.S. Bank for libel, alleging it made false and defamatory statements about him to a consumer reporting agency after a check he deposited into his U.S. Bank checking account was returned unpaid. The trial court granted U.S. Bank's traditional motion for summary judgment and ordered that Meisel take nothing on his claims. On appeal, Meisel contends that because there was some evidence that U.S. Bank's statements were defamatory, false, and made with actual malice, the trial court erred in granting summary judgment. After reviewing the record, we conclude summary judgment was proper because U.S. Bank conclusively established that the statements on which Meisel bases his libel claims were true. We therefore affirm the trial court's judgment.

## BACKGROUND

The following facts are taken from the summary judgment evidence, viewed in the light most favorable to Meisel, the non-movant. In January 2010, Meisel found an original signed payroll check dated May 15, 2009 from his former employer, USA Shade and Fabric Structures, Inc. Having no recollection or record of previously depositing the check, he contacted the bank on which the check was drawn, Bank of Texas, N.A., which confirmed it had no record of clearing the check. Meisel then deposited the check into his checking account with U.S. Bank. That same day, Meisel informed USA Shade's current controller that he was depositing the check.

Four days later, USA Shade marked the check for return, designating it as counterfeit after a computer program revealed it had been previously deposited and paid in May 2009. The next day, USA Shade recanted its counterfeit designation and so informed Bank of Texas. The deposited check, however, was returned to U.S. Bank because it had been paid previously in May of 2009. Despite receiving notice from Bank of Texas that the check was not counterfeit, U.S. Bank closed Meisel's checking and savings accounts and reported to ChexSystems, a consumer reporting agency, that Meisel's accounts were closed. In its report, U.S. Bank selected as its reason the code, "P-OTHER TRANS," which the parties agree means, "transactions involving items or checks belonging to another party." Meisel filed this lawsuit against U.S. Bank based on its statements to ChexSystems. U.S. Bank filed traditional and no-evidence motions for summary judgment on all of Meisel's claims against it. The trial court granted U.S. Bank's motion for traditional summary judgment. Meisel appeals the trial court's take-nothing summary judgment on his libel claims.

## ANALYSIS

To prevail on its motion for traditional summary judgment, U.S. Bank must disprove at least one essential element of each of Meisel's claims or conclusively prove all elements of an affirmative defense. *See Randall's Food Mkts, Inc., v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). We review a summary judgment de novo to determine whether the movant established its right to prevail as a matter of law. *See Shaun T. Mian Corp. v. Hewlett-Packard Co.*, 237 S.W.3d 851, 855 (Tex. App.—Dallas 2007, pet. denied). Where, as here, the trial court does not specify its basis for granting summary judgment, the judgment must be affirmed if any of the grounds asserted in the motion has merit. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). Among other grounds, U.S. Bank argued it was entitled to summary judgment on all of Meisel's claims because the statements it made to ChexSystems were true. Based on the record before us, we agree the trial court could have properly granted summary judgment in favor of U.S. Bank on this ground.

### I.      Truth of the Statements

Meisel's libel claims against U.S. Bank are based exclusively on its reports to ChexSystems that Meisel's accounts were closed for "transactions involving items or checks belonging to another party." Libel is a written defamation that tends to: (1) injure a person's reputation, exposing the person to public hatred, contempt or ridicule, or financial injury, or (2) impeach a person's honesty, integrity, virtue, or reputation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 73.001 (West 2011). A true statement, however, is not actionable as libel. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 73.005 (West 2011).

We focus on two versions of the front and back of USA Shade's check number 10573 dated May 15, 2009 and payable to Meisel for $3,328.62 that are in the record. The first version, referred to in Meisel's deposition as an IRD (image replacement document), bears the legend,

"This is a LEGAL COPY of your check. You can use it the same way you would use the original check" and appears to be a substitute check under federal banking regulations.[1] On the back of the substitute check is Meisel's signature and date-stamp of May 18, 2009. The second version of USA Shade's check number 10573 is the one Meisel deposited with U.S. Bank on January 31, 2010. It appears to be an original check. The back of this check is also signed by Meisel. It is date-stamped February 1, 2010 and was returned unpaid.

Meisel does not assert he was entitled to payment on the original check he deposited after the substitute check had cleared. He also does not dispute that it was his signature on the back of the substitute check or that the substitute check had cleared through USA Shade's account. Moreover, in response to questions during his deposition, Meisel agreed that the check he deposited in 2010 belonged to USA Shade because USA Shade had already paid it. He also agreed that it was a true statement that the check he submitted in 2010 was a transaction involving items or checks belonging to another party. Meisel testified in his deposition, however, that he had made an honest mistake because at the time he deposited the original with U.S. Bank in 2010 he did not know the substitute check had already cleared in 2009.

Meisel argues that the opinions he expressed during his deposition testimony as to the truth of U.S. Bank's statements to ChexSystems are not dispositive of whether the statements were true. He contends the statements were in fact false because it is undisputed that he was in possession of a check, an original check, made out to him. He argues these facts make him a holder, and thus owner, of the check as a matter of law. In support of his position, Meisel relies on *Wells Fargo Bank, N.A. v. Citizens Bank of Texas, N.A.,* 181 S.W.3d 790, 802 (Tex. App.—

---

[1] In 2003, Congress passed the Check Clearing for the 21st Century Act, which authorized the electronic imaging and processing of checks. *See* 12 U.S.C.A. §§ 5001–18 (West Supp. Pamph. 2012). A substitute check is the legal equivalent of the original check for all purposes provided it accurately represents all of the information on the front and back of the original check as of the time the original check was truncated and contains the language quoted in the text. *See* 12 U.S.C.A. § 5003(b).

Waco 2005, pet. denied), and *Heimlich v. State*, 988 S.W.2d 382, 384–85 (Tex. App—Houston [14th Dist.] 1999, pet. ref'd). Both of these cases are inapposite to the check ownership questions presented here in that neither of these cases involved the attempted negotiation of a check for the second time that the drawer had already paid the first time.

Among other things, *Wells Fargo Bank* addressed the duty owed by an intermediary bank to the despositary bank in the check collection process. *Wells Fargo Bank*, 181 S.W.3d at 801–02. The court of appeals merely reiterated the Texas Supreme Court's construction of section 4.201(a) of the Texas Business and Commerce Code that, whether or not a bank permits immediate withdrawal of funds for a check that has not yet been collected, ownership of the check remains with the depositor and the bank is merely an agent for the depositor rather than an agent of the depositary bank. *See id.*

In *Heimlich*, the court of appeals reversed the defendant's conviction for theft, concluding the evidence was legally insufficient to demonstrate that he appropriated property owned by the complainant. *Id.* at 384. In reaching its conclusion, the court reasoned, "While the complainant may have actually possessed the piece of paper called a 'check,' Heimlich remained the only person with a legal ownership interest in the thing of value the check signified—*the order to pay $5050.*" *Id.* (emphasis in original). The court further noted that only Heimlich could qualify as holder of the check and maintain a cause of action against the drawer for the underlying obligation if the check was not paid. *Id.* at 385.

Unlike the cases upon which Meisel relies, however, the check he possessed and deposited with U.S. Bank had already been paid by USA Shade in May of 2009. Even if we assume Meisel is correct in asserting that he was the holder of the check as defined by section 1.201(b)(21)(A) of the uniform commercial code, it does not necessarily follow that he is the owner of the check.

Whether Meisel was the owner of the check is a separate question from whether he was a holder. *See Leavings v. Mills,* 175 S.W.3d 301, 309–10 (Tex. 2004) (recognizing distinction between holder and owner of note); *SMS Fin., LLC. v. ABCO Homes, Inc.,* 167 F.3d 235, 239 (5th Cir. 1999) ("whether SMS is the owner of the note is a separate question which does not affect whether it is the holder of the note."); *Beard v. Norwest Mortg., Inc.,* No. 10-06-00014-CV, 2007 WL 2051854, at *2 (Tex. App.—Waco July 18, 2007 pet. denied) (UCC distinguishes between owner and holder). The critical inquiry here is not whether Meisel was a holder of the check, but rather whether the check belonged to Meisel at the time he deposited it with U.S. Bank on January 31.

The evidence before us conclusively establishes that in 2010 Meisel had no ownership interest in the check's order to pay him $3,328.62 because he had already been paid that sum by USA Shade in May 2009. *See* TEX. BUS. & COM. CODE ANN. § 3.602(a) (West Supp. 2012) (an instrument is paid to the extent payment is made by or on behalf of a party obliged to pay the instrument to a party entitled to enforce the instrument). Not only did USA Shade discharge its liability on the check, it reacquired the check in its own right by payment of the underlying obligation in May 2009. *See* TEX. BUS. & COM. CODE ANN. § 3.601(a) (West 2002); *see also Siegler v. Ginther,* 680 S.W.2d 886, 890 (Tex. App.—Houston [1st Dist.] 1984, no writ). Because the evidence conclusively establishes that Meisel's deposit of check 10573 in January 2010 was a transaction involving checks or items belonging to another party, U.S. Bank was entitled to summary judgment on Meisel's libel claims on the grounds that the statements it made to ChexSystems were true.

In reaching this conclusion, we necessarily reject Meisel's contention that U.S. Bank's statements to ChexSystems falsely accused Meisel of the crime of theft or fraud. There is nothing in the record to support this contention. U.S. Bank's statements merely communicated

–6–

to ChexSystems that Meisel's accounts were closed for "transactions involving items or checks belonging to another party." They did not accuse Meisel of theft or fraud or of having the intent to steal or defraud. *Cf. Randall's Food Mkts.*, 891 S.W.2d at 646 (statements that employee left store without paying for a wreath did not accuse employee of theft or of having the intent to steal).

## II. Summary Judgment on Claim Added after Motion Filed

Meisel also argues even if summary judgment was proper on his claim for libel per se, U.S. Bank was not entitled to summary judgment on his libel per quod claim because this claim was not addressed in U.S. Bank's summary judgment motion. Meisel filed an amended petition claiming libel per quod for the first time after U.S. Bank filed its last supplemental motion for summary judgment. It is well-settled that a party may not obtain summary judgment on a cause of action not addressed in a summary judgment proceeding. *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983) (per curiam). When a motion for summary judgment is sufficiently broad to encompass a later-filed cause of action, however, it need not be amended to specifically address the new claim. *See Dallas Firefighters Ass'n v. Booth Research Group, Inc.*, 156 S.W.3d 188, 197–98 (Tex. App.—Dallas 2005, pet. denied).

U.S. Bank's supplemental motion for summary judgment addressed "all claims and causes of action against U.S. Bank in this case." A defamatory statement constitutes libel per se when the written or printed words in and of themselves are so obviously hurtful to the person aggrieved by them that proof of injury is not required. *Columbia Valley Reg. Med. Ctr. v. Bannert*, 112 S.W.3d 193, 199 (Tex. App.—Corpus Christi-Edinburg 2003, no pet.). When the court must resort to innuendo or extrinsic evidence to conclude the statement was defamatory, it is libel per quod and the plaintiff must prove injury and damages. *See Main v. Royall*, 348 S.W.3d 381, 390 (Tex. App.—Dallas 2011, no pet.). On appeal, U.S. Bank argues that its

motion is applicable to Meisel's claim for libel per quod. In its supplemental motion for summary judgment, U.S. Bank asserted that "all claims and causes of action against U.S. Bank should be dismissed" because Meisel had admitted that U.S. Bank had not reported anything false to any third party. This ground clearly encompasses Meisel's libel per quod claim which is based on the same statements and factual allegations applicable to his previously filed libel per se claim. True statements are not actionable under either libel theory. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 73.005.

Based on the record before us, U.S. Bank conclusively established the truth of the statements on which Meisel based both of his libel claims. Accordingly, the trial court properly granted summary judgment on this ground. Our resolution of this issue makes it unnecessary to address Meisel's other arguments regarding the defamatory character of the statements or whether U.S. Bank acted with actual malice.

We affirm the trial court's judgment.

111336F.P05

DAVID W. EVANS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RODNEY K. MEISEL, Appellant

No. 05-11-01336-CV     V.

U.S. BANK, N.A., Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-08272.
Opinion delivered by Justice Evans.
Justices FitzGerald and Fillmore
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee U.S. BANK, N.A. recover its costs of this appeal from
appellant RODNEY K. MEISEL.

Judgment entered this February 21, 2013.

_____
DAVID W. EVANS
JUSTICE