**Affirmed and Opinion Filed April 11, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00595-CV

**BILLY AND CANDACE SCHOPPE, Appellants**
**V.**
**DEUTSCHE BANK NATIONAL TRUST COMPANY AND WELLS**
**FARGO BANK, N.A., Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-10731**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Whitehill
Opinion by Justice Whitehill

This case concerns a default on and foreclosure of a home equity loan. The central question is whether the trial court erred in granting summary judgment against the borrower and his wife in favor of the loan creditor, Deutsche Bank National Trust Company (DB), and the loan servicer, Wells Fargo Bank, N.A. (WF).

Billy Schoppe obtained a $910,000 home equity loan on property in Dallas, Texas (Property) in 2005, but he stopped making payments on the loan in 2008. He has also not paid property tax and insurance since then, yet he remains on the Property.

After Schoppe's default, the loan was accelerated and the Property was posted for foreclosure. Schoppe and his wife then sued DB and WF. The Schoppes amended their

pleadings several times, and WF and DB moved for traditional and no-evidence summary judgment. The trial court granted the summary judgment motions.

In four issues with multiple subparts, the Schoppes assert that the trial court erred in granting WF's and DB's traditional and no-evidence summary judgment motions. We conclude that the Schoppes' arguments concerning the DB summary judgment were not preserved for our review and the Schoppes did not meet their summary judgment burden on the WF motions. We thus affirm the trial court's judgment.

## I.  Background

**The Loan**

On February 25, 2005, Billy Schoppe secured from Prime Lending a $910,000 home equity mortgage loan (Loan) against the Property. In conjunction with the Loan, Schoppe signed a promissory note (Note), deed of trust, and an escrow agreement. Schoppe's wife Candace signed the deed of trust but not the Note.

**The Escrow Agreement**

The escrow agreement provides that the lender waives the required escrow account as long as there is no Loan default and Schoppe timely pays taxes and insurance on the Property and submits proof of such payments to the lender. In the event of a delinquency or default, the lender has the option to terminate the escrow agreement and require that Schoppe maintain an escrow account.

**The Note**

In addition to principal and interest, the Note authorizes a late fee of "5.000% of overdue payment of principal and interest" if a payment is not made within fifteen days after the due date. The Note also provides that the lender may accelerate the debt and require payment in full if

Schoppe defaults. If the lender accelerates the debt, it has the right to recover "all costs and expenses in enforcing [the] Note."

**Holder of the Note**

Mortgage Electronic Registration Systems, Inc. (MERS), Prime Lending's nominee, assigned the Note to DB. DB is the current holder.

**Servicing the Loan**

WF began servicing the Loan on June 1, 2006. As Loan servicer, WF is responsible for collecting payments and for the timely paying of escrow items such as taxes and insurance.

**Loan and Escrow Payments**

Schoppe made loan payments to WF for approximately three years until he stopped making payments in November 2008. He also stopped paying taxes and insurance on the Property.

**Default**

When Schoppe stopped paying on the Note and stopped paying taxes and insurance, WF imposed a lender-placed escrow account and paid property taxes and insurance on the Property. Schoppe has not made a mortgage payment since 2008, and has not reimbursed WF for the property taxes and insurance it has paid on Schoppe's behalf.

**Foreclosure**

WF notified Schoppe of his default, but Schoppe did not cure it. As a result, WF accelerated the Note and posted the Property for foreclosure. But the Property was not foreclosed, and the Schoppes remain on the Property.

**The Lawsuit**

On August 21, 2009, the Schoppes sued DB asserting various claims, including tortious and predatory lending practices and violation of the Texas Finance Act. WF, MERS, and Prime

Lending were subsequently joined in the lawsuit. The Schoppes later dismissed their claims against MERS and Prime Lending.

WF counterclaimed, seeking a declaratory judgment that (i) the deed of trust lien is valid, (ii) Schoppe is and remains in default under the Note, (iii) WF as the Loan servicer is entitled to collect payments under the Note and enforce the deed of trust, (iv) WF serviced the Loan lawfully and according to the terms of the Note and the deed of trust, (v) determines the amount of Schoppe's arrearage, and (vi) awards reasonable attorney's fees.

**Summary Judgment Proceedings**

On April 19, 2011, WF filed a no-evidence summary judgment motion concerning the claims asserted in the Schoppes' first amended petition. The trial court denied the motion.

WF filed a second no-evidence summary judgment motion and the Schoppes amended their petition twice more. The second motion challenged the Schoppes' claims of fraud, fraud in the inducement, "non-recourse projections," [sic] and violation of Chapter 50(a)(6) of the Texas Constitution. WF also requested reconsideration of its first summary judgment motion and filed a traditional summary judgment motion on all of the Schoppes' claims.

The Schoppes amended their petition twice more, and responded to WF's motions.

On October 27, 2011, the Schoppes moved to strike WF's summary judgment evidence.

The trial court conducted a hearing and granted WF's summary judgment motion on all but Ms. Schoppe's Texas Debt Collection Practices Act (TDCPA) claim. The court also denied the Schoppes' motion to strike WF's summary judgment evidence.

DB then moved for summary judgment. The Schoppes responded to that motion and moved to strike DB's summary judgment evidence.[1] The trial court granted DB's motion and

---

[1] The response was requested for inclusion in the appellate record, but was not initially included. Therefore, we ordered the clerk to supplement the record.

ordered that DB is authorized to foreclose on the Property. The record does not reflect a ruling on the Schoppes' motion to strike DB's summary judgment evidence.

Ms. Schoppe non-suited her remaining TDCPA claim against WF. The trial court then issued its final judgment in favor of DB and WF.

## II.   Analysis

### A.   Issues One and Two: Was it error to grant DB's summary judgment motion?

The Schoppes' first and second issues assert that the trial court erred in granting DB's traditional and no-evidence summary judgment motions. DB, however, did not file a no-evidence summary judgment motion.[2] Therefore, we consider only whether the trial court erred in granting the traditional summary judgment motion.

#### 1.   Standard of Review

We review the grant of summary judgment, both traditional and no-evidence, de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When both no-evidence and traditional summary judgment motions are filed, we generally address the no-evidence motion first. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no-evidence summary judgment motion challenge fails, we need not also consider the traditional motion. *See id*.

A movant is entitled to a no-evidence summary judgment if, "[a]fter adequate time for discovery . . . there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). The

---

[2] The motion is entitled "Deutsche Bank's Motion for Summary Judgment as to Fifth Amended Petition and Second Amended Motion for Summary Judgment as to Counterclaim." Although the motion references rule 166a(i) in the introductory paragraph, the motion cites the traditional summary judgment standard and attaches summary judgment evidence. It therefore appears to be a traditional motion for summary judgment. *See* TEX. R. CIV. P. 166a. Moreover, even if we were to consider the Schoppes' arguments in the context of a no-evidence motion for summary judgment, the arguments are inadequately briefed. *See* TEX. R. APP. P. 38.1.

trial court "must grant" the motion unless the non-movant produces summary judgment evidence to raise a genuine issue of material fact on the issues the movant raised. Tex. R. Civ. P. 166a(i). "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co.*, 135 S.W.3d at 600. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

A party moving for traditional summary judgment has the burden of establishing that no material fact issue exists and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). In reviewing the granting of a traditional summary judgment, we consider all the evidence in the light most favorable to the non-movant, indulging all reasonable inferences in favor of the non-movant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Pro*p. *Mgmt. Co*., 690 S.W.2d 546, 548–49 (Tex. 1985).

### 2. DB's Summary Judgment Evidence

The Schoppes argue that the trial court erred by not striking DB's summary judgment evidence. In essence, they complain that the attachments to the affidavits were not properly authenticated and are hearsay.

But a party must object in the trial court and obtain a ruling from the trial judge to preserve a complaint about the form of summary judgment evidence. *See Nat'l Health Res. Corp. v. TBF Fin., LLC*, 429 S.W.3d 125, 129 (Tex. App.—Dallas 2014, no pet.).[3] Although the Schoppes objected to the evidence, they did not secure a ruling on their objections.

---

[3] The Schoppes do not distinguish between form and substance or make any argument that supports our consideration of the evidence absent preservation of the argument in the court below.

Consequently, the argument was not preserved for our review. *See Washington DC Party Shuttle, LLC v. IGuide Tours*, 14–12–00303–CV, 2013 WL 3226768, at *8, 10 (Tex. App.— Houston [14th Dist.] June 27, 2013, no. pet.) (noting an objection to a defect in the form of an affidavit is preserved only when the litigant objects and obtains a ruling from the trial court).  We therefore do not consider the Schoppes' challenges to DB's summary judgment evidence.

### 3.    DB's Summary Judgment Motion

The Schoppes assert that "the evidence before the trial court raises genuine issues of material fact as to [DB's] right to foreclose [the] Schoppes' Homestead" and "raises genuine issues of material fact as to [the] Schoppes' affirmative defenses."  In the four and a half pages that follow, however, the Schoppes do not provide any citations to the record, identify the evidence, or provide any legal authority to support their arguments.  Instead, they simply assert that their "responsive summary judgment evidence" raises genuine issues of material fact concerning: (i) the validity of the Loan, (ii) whether the "amount due is in fact due," (iii) whether DB's request to foreclose is barred by unclean hands, and (iv) whether DB's request to foreclose is barred by estoppel.  These general, unsupported assertions do not meet the rules' very specific briefing requirements.  *See* TEX. R. APP. P. 38; *Lynd v. State Fair of Texas*, No. 05–10–00831– CV, 2012 WL 92980, *1 (Tex. App.—Dallas Jan. 11, 2012, pet. denied) (mem. op.).  As we have explained:

> To comply with rule 38.1(f), an appellant must articulate the issue we will be asked to decide.  From our perspective, we must be able to discern what question of law we will be answering.  If an appellant is unable to or does not articulate the question to be answered, then his brief fails at that point.  If the issue is identified, then rule 38.1(i) calls for the brief to guide us through the appellant's argument with clear and understandable statements of the contentions being made.  If we must speculate or guess about what contentions are being made, then the brief fails.  Importantly, statements of fact must be supported by direct references to the record that are precise in locating the fact asserted.  If record references are not made or are inaccurate, misstated, or misleading, the brief fails.  And, just as importantly, existing legal authority applicable to the facts and the questions we are called on to answer must be accurately cited.  References to legal authority

that have nothing to do with the issue to be decided are contrary to the requirement of rule 38.1(i). References to sweeping statements of general law are rarely appropriate. If we are not provided with existing legal authority that can be applied to the facts of the case, the brief fails.

*Bolling v. Farmers Branch Ind. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). We are not responsible for identifying possible trial court error. *Canton–Carter v. Baylor College of Medicine*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Nor are we required to search the record for facts that may favor a party's position. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283–84 (Tex. 1994). Because the Schoppes do not identify the alleged errors with the required specificity and brief those alleged errors according to the rules, the issue has not been preserved for our review. *See* TEX. R. APP. P. 38.1. We thus resolve the Schoppes' first two issues against them.

**B.      Issues Three and Four: Was it error to grant WF's Summary Judgment Motions?**

The Schoppes' third and fourth issues challenge the grant of WF's summary judgment motions. We begin with the no-evidence motion. *See Ford Motor Co.*, 135 S.W.3d at 600.

The Schoppes argue that WF's no-evidence summary judgment motions failed to identify the challenged elements of their claims. They further assert that because they amended their pleadings after the motions were filed, "certain" of their claims against WF were not challenged. We are not persuaded by either argument.

First, the Schoppes do not identify any specific claims that were made but not challenged or elements that allegedly were not addressed. Thus, the argument is inadequately briefed. *See* TEX. R. APP. P. 38.1.

But even if we were to assume that the Schoppes' single, general reference to its response to WF's summary judgment motion is sufficient to formulate the issue and guide us through the argument, the argument still fails.

When the grounds asserted in a summary judgment motion conclusively negate a common element of previously and newly added claims, or when the motion is broad enough to encompass the newly asserted claims, an amended or supplemental motion is not necessary and the court may award a final summary judgment. *See Dallas Firefighters Ass'n v. Booth Research Group, Inc.*, 156 S.W.3d 188, 198 (Tex. App.—Dallas 2005, pet. denied); *Rust v. Tex. Farmers Ins. Co.*, 341 S.W.3d 541, 552 (Tex. App.—El Paso 2011, pet. denied).

WF's first motion for summary judgment addressed all of the claims in the Schoppes' first amended petition: conspiracy, "unconscionable and tortious conduct," wrongful foreclosure, "predatory lending practices," and violations of the Texas Finance Act, usury laws, the TDCPA, and "public policy."

WF's second motion for summary judgment addressed the Schoppes' newly added claims for fraud, fraud in the inducement, "non-recourse projections," [sic], and violation of Chapter 50(a)(6) of the Texas Constitution. Thus, the two motions addressed all causes of action asserted through the fourth amended petition.

Moreover, the fourth amended petition included a "procedural preamble" that stated:

> This fourth amended petition is being filed for the purpose of responding to the request by defendants . . . for clarification (a) as to the causes of action being asserted by plaintiffs, and (b) as to the facts previously asserted in this suit . . . NO NEW CAUSES OF ACTION ARE BEING ASSERTED AND NO NEW FACTS ARE BEING ASSERTED THAT HAVE NOT ALREADY BEEN PRESENTED TO THIS COURT.

(Emphasis original). Thus, by the Schoppes' own admission, the fourth amended petition added nothing new.[4]

The Schoppes' fifth amended petition asserted claims for (i) breach of contract, (ii) violation of the TDCPA, (iii) lender liability (alleging a special relationship between borrower

---

[4] In addition, the Schoppes' response to the summary judgment motion admits that their prior claims were no longer live once the fifth amended petition was filed.

and lender and an implied covenant of good faith), and (iv) declaratory relief as to the ownership of the Note and home equity lien. According to the Schoppes, WF pursued improper collection efforts, attempted to coerce and extort funds from them, refused to accept partial payments, failed to work out a resolution with Mr. Schoppe, improperly accelerated the Note, and improperly attempted to foreclose.

The Schoppes' factual allegations do not differ from those asserted in prior petitions. And most of the newly asserted claims share elements with the prior claims.[5]

For example, the Schoppes' breach of contract claims and lender liability claims are based on allegations that WF wrongfully attempted to collect funds and foreclose. WF's motion argued that the Schoppes did not present any facts or evidence to support their claim that WF: (i) charged for payments not lawfully due, (ii) intended to extract payments unlawfully or that the Schoppes suffered any injury, (iii) misrepresented the amount of the debt or made false representations concerning the collection of monies due; or (iv) engaged in wrongful foreclosure. The prior motions, based on the same factual allegations, were broad enough to encompass these claims.

The only claim that is arguably not addressed in either of WF's no-evidence summary judgment motions is the Schoppes' claim for declaratory relief. We therefore turn to the next prong of the Schoppes' argument—that "there is more than a scintilla of evidence supporting the Schoppes' WF claims."

The Schoppes contend that, "Because [WF] acted in tandem with [DB], genuine issues of material fact exist as to [WF] just as the previously stated facts discussed as to [DB]." The Schoppes then refer to a "complete listing of such facts" in their response to WF's summary

---

[5] The TDCPA claim is not new to the fifth amended petition, but is no longer relevant because it was dismissed.

judgment motion. But the Schoppes do not identify any specific facts, evidence adduced to support such facts, or the cause of action to which those facts might apply.

When a summary judgment respondent fails to direct the reviewing court to specific summary judgment evidence, a fact issue cannot be raised sufficient to defeat summary judgment. *See Leija v. Larendo Cnty. Coll*., No. 04-10-00410, 2011 WL 1499440, at * 5 (Tex. App.—San Antonio, April 20, 2011, no pet.) (mem.op.). The Schoppes have not identified any specific summary judgment evidence that might defeat summary judgment on their claim for declaratory relief, and therefore we have no basis to conclude that the trial court erred by granting WF's no-evidence summary judgment motions.

Because we have concluded that the trial court did not err in granting WF's no-evidence motions, we need not consider the Schoppes' argument concerning the traditional motion. TEX. R. APP. P. 47.1. Issues three and four are overruled.

### III. Conclusion

Having resolved all of the Schoppes' issues against them, we affirm the trial court's judgment.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

120595F.P05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BILLY AND CANDACE SCHOPPE,
Appellants

No. 05-12-00595-CV          V.

DEUTSCHE BANK NATIONAL TRUST
COMPANY AND WELLS FARGO BANK,
N.A., Appellees

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-09-10731.
Opinion delivered by Justice Whitehill.
Justices Fillmore and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee DEUTSCHE BANK NATIONAL TRUST COMPANY
AND WELLS FARGO BANK, N.A. recover their costs of this appeal from appellant BILLY
AND CANDACE SCHOPPE.

Judgment entered April 11, 2016.